IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAINE WILLIAMS,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **GEORGE PATRICK, et al.** | : | **NO.    07-0776** |
| **Respondents.** | : | |

REPORT AND RECOMMENDATION

**LYNNE A. SITARSKI**                                      **DATE: April 26, 2012**
**UNITED STATES MAGISTRATE JUDGE**

Pending before this Court is a *pro se* petition for writ of habeas corpus, filed pursuant to

28 U.S.C. § 2254, by Jermaine Williams ("Petitioner"), an individual currently incarcerated in

State Correctional Institution Dallas located in Dallas, Pennsylvania.  For the following reasons,

this Court respectfully recommends that the petition be **DENIED**.

## I.    FACTS AND PROCEDURAL HISTORY

The Superior Court of Pennsylvania provided the following recitation of the facts:

> [Petitioner] shot and killed Kenneth Billie.  After an argument,
> [Petitioner] told the victim to get his gun because [Petitioner] was
> going to come after him.  A short time later, [Petitioner] approached
> the victim outside of the victim's girlfriend's house.  After a few
> words were exchanged, [Petitioner] pulled a handgun from under his
> shirt and fired once into the victim's chest.  The victim then turned to
> run away but collapsed to the ground while [Petitioner] fired twice
> more.  The victim died a short time later.  At trial, [Petitioner]
> asserted that he shot the victim in self-defense.
>
> . . . .
>
> [P]olice recovered a 9mm handgun from the crime scene that a
> ballistics expert concluded was not the murder weapon. [Notes of
> Testimony, ("N.T."), 4/15/97, at 143.  At trial, Officer Fox testified

> that he conducted a 'macro light' examination which revealed there
> were no identifiable fingerprints on the gun N.T., 4/17/97, at 148.

*See Commonwealth v. Williams*, No. 3087 EDA 2008, at 1-2 (Pa. Super. Ct. Oct. 27, 2009).  On

March 15, 1996, Petitioner was arrested and charged with first degree murder, possession of an

instrument of crime, and related charges.  *See Commonwealth v. Williams*, No. 1995 EDA 99, at

1 (Pa. Ct. Com. Pl. June 16, 1999).  On April 25, 1997, following a jury trial presided over by the

Honorable C. Darnell Jones, II of the Court of Common Pleas of Philadelphia, Petitioner was

convicted of first-degree murder and possession of an instrument of crime.  *See Commonwealth*

*v. Williams*, No. 3087 EDA 2008, at 2 (Pa. Super. Ct. Oct. 27, 2009).  Judge Jones sentenced

Petitioner to "life imprisonment for the murder and a concurrent term of two and one-half to five

years for the weapons offense."  *See id.*  Petitioner did not file post-sentence motions or a direct

appeal at that time.  *See id.* at 3.

On October 31, 1997, Petitioner filed a *pro se* petition pursuant to Pennsylvania's Post

Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 *et seq.*, seeking reinstatement of his

direct appeal rights *nunc pro tunc*.  *See Commonwealth v. Williams*, No. 1195 EDA 1999, at 2

(Pa. Super. Ct. Aug. 16, 2000).  The PCRA court appointed Richard B. Moore, Esq., as counsel

for Petitioner.  *See id.*  On June 29, 1998, Mr. Moore filed a letter pursuant to *Commonwealth v.*

*Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988), certifying that he had reviewed the entire record and

concluded that there were no meritorious issues to advance before the PCRA Court.  *See*

*Commonwealth v. Williams*, No. 1195 EDA 1999, at 2 (Pa. Super. Ct. Aug. 16, 2000).  On

October 8, 1998, the PCRA court granted Petitioner leave to file post-trial motions *nunc pro tunc*

and appointed Petitioner new counsel.  *See id.*

2

In his reinstated direct appeal, counsel for Petitioner raised the following claims:

(1)     Ineffective assistance of trial counsel for failing to:

    (a)     retain a fingerprint expert to conduct an independent examination for the victim's fingerprints on a nine-millimeter handgun found at the crime scene;

    (b)     further investigate the last registered owner of the nine-millimeter handgun found at the crime scene;

    (c)     object to the testimony of police officers who found the nine-millimeter handgun at the crime scene;

    (d)     object to a line of questioning that contained evidence of Petitioner's prior criminal convictions; and

    (e)     object or request a curative instruction concerning Petitioner's relationship with two individuals, "Rock" and "Poo."

*See id.* at 2-5.  The trial court dismissed Petitioner's post-trial motions following a hearing.  *See id.* at 2.  Petitioner appealed to the Superior Court on the same grounds.  *See id.*  The Superior Court affirmed Petitioner's judgment of sentence on August 16, 2000.  *See id.* at 5.  Petitioner then sought allocatur with the Supreme Court of Pennsylvania.  *See Commonwealth v. Williams*, 575 E.D. Alloc. Dkt. 2000, at 1 (Pa. 2001).  The Supreme Court of Pennsylvania denied the allocatur petition on January 8, 2001.  *See id.*  Petitioner did not seek a writ of certiorari with the Supreme Court of the United States.  *See id.*

On December 18, 2001, Petitioner filed a timely *pro se* PCRA petition, effectively his first.  *See Commonwealth v. Williams*, 900 A.2d 906, 908 (Pa. Super. Ct. 2006).  Petitioner raised the following claims:

(1)     Ineffective assistance of appellate counsel for failing to raise trial counsel's ineffectiveness of:

    (a)     failing to impeach a testifying officer with a contradictory police report;

    (b)     failing to move for a mistrial or object to the Commonwealth's expression of personal belief regarding Petitioner during its summation to the jury;

     (c)     failing to object to or request a curative instruction when the Commonwealth misstated evidence and inferences thereto during summation;

     (d)     failing to object to or move for a mistrial because of the Commonwealth's accusation that Petitioner lied during his testimony;

     (e)     failing to impeach the Commonwealth's key witness based upon inconsistent statements;

     (f)     failing to object to hearsay testimony;

     (g)     failing to object to the Commonwealth's questioning of Petitioner as to the decedent's state of mind at the time of the shooting;

     (h)     allowing the Commonwealth to violate 42 Pa. C.S. § 5918 by introducing evidence of Petitioner's prior convictions and uncharged crimes through cross-examination;

     (i)     failing to object to the court's erroneous instruction when the court failed to instruct the jury that it was the Commonwealth's burden to disprove self-defense;

     (j)     failing to file a supplementary motion to suppress Petitioner's oral statements made in custody but prior to *Miranda* warnings;

(2)     Prosecutorial misconduct committed by the Commonwealth when the:

     (a)     prosecution stated its personal belief about Petitioner during summation;

     (b)     prosecution misstated the nature of evidence and the inferences drawn from the evidence that should have been made by the jury;

     (c)     prosecution stated that Petitioner lied while testifying; and

     (d)     prosecution stated, through the introduction of inadmissible evidence in violation of 42 Pa. C.S. § 5918, Petitioner's prior conviction and uncharged crimes.

*See Commonwealth v. Williams*, No. 1589 EDA 2003, at 4-15 (Pa. Ct. Com. Pl. June 25, 2003).

On January 16, 2003, Petitioner's appointed PCRA counsel filed a *Finley* letter certifying that he had reviewed the entire record, and there were no meritorious issues to advance before the PCRA court. *See Commonwealth v. Williams*, 900 A.2d 906, 908 (Pa. Super. Ct. 2006). The PCRA court granted Petitioner's counsel to withdraw and dismissed Petitioner's petition as frivolous on May 1, 2003. *See id.* at 908.

Petitioner appealed the PCRA court judgment *pro se*. *See id.* In his *pro se* appeal,

Petitioner raised the following claims:

(1)     Ineffective assistance of appellate counsel for failing to raise trial counsel's failure:

    (a)     to allege trial court error when the trial court allowed the Commonwealth to introduce hearsay testimony over trial counsel's objection;

    (b)     to impeach a testifying officer with contradictory police report in possession of defense counsel;

    (c)     to object to prosecutorial misconduct for misstating evidence and misquoting witness testimony during its summation to the jury;

    (d)     to object to the prosecution's improper remarks implying that the defense used its right of discovery to present false testimony;

    (e)     to object to the prosecution asserting its personal opinion as to Petitioner's credibility and guilt; and

    (f)     to object when the trial court failed to inform Petitioner of his right to speak at the sentencing hearing.

*See Commonwealth v. Williams*, No. 1589 EDA 2003, at 2-6 (Pa. Super. Ct. June 13, 2005),

*rev'd en banc*, 900 A.2d 906 (Pa. Super. Ct. 2006).

On June 13, 2005, the Superior Court of Pennsylvania resolved Petitioner's first five

claims as meritless. *See id.* at 2-5. However, upon review of Petitioner's last claim (Claim 1(f)

above), the Superior Court – bound by recent precedent of an accused's absolute right to

allocution – ruled that Petitioner "was not accorded his right of" allocution. *Id.* at 5-6. As a

result, the Superior Court "revers[ed] the order denying collateral relief and remand[ed] for the

limited purpose of a new sentencing hearing at which [Petitioner could] speak on his own

behalf." *Id.*

The Commonwealth petitioned for reargument en banc in response to the Superior

Court's decision. *See Commonwealth v. Williams*, 900 A.2d 906, 908 n.4 (Pa. Super. Ct. 2006)

(*en banc*). On August 26, 2005, the Superior Court vacated the June 13th decision and granted re-

argument. *See id.* at 908 n.4. On May 24, 2006, in an en banc decision the Superior Court affirmed the dismissal of Petitioner's entire PCRA petition, finding that Petitioner was not denied a right to allocution at trial and that, in any event, he had waived appellate review of trial or appellate counsel's alleged ineffectiveness on that ground because he failed to present the claim on direct appeal or in post-trial motions. *See id.* at 909-11. Petitioner filed a Petition for Allowance of Appeal, which the Supreme Court of Pennsylvania denied on January 30, 2007. *See Commonwealth v. Williams*, No. 300 EAL 2006 (Pa. 2007).

On February 26, 2007, Petitioner filed the instant *pro se* petition seeking federal habeas relief. *See* Pet'r's *Pro Se* Hab. Pet., Proof of Serv. However, on March 28, 2007, Petitioner filed a second PCRA petition, alleging newly discovered evidence.[1] *See Commonwealth v. Williams*, No. 3087 EDA 2008, at 4 (Pa. Super. Ct. Oct. 27, 2009). Accordingly, the Honorable Clifford Scott Green of the Eastern District of Pennsylvania issued a stay and abeyance of Petitioner's habeas petition on March 29, 2007, pending the resolution of Petitioner's second PCRA petition. *See Williams v. Patrick*, No. 07-cv-0776 (E.D. Pa. Mar. 29, 2007).

In his second PCRA petition, Petitioner alleged that the Commonwealth of Pennsylvania ("Respondent") committed reversible error by using the "knowingly perjured testimony" of Officer Fox, who according to Petitioner, lied about having used a "macro light" and "fingerprint

---

[1] Petitioner filed an amended PCRA petition on July 23, 2004, while his prior PCRA petition remained pending on appeal before the Superior Court of Pennsylvania. *See Commonwealth v. Williams*, No. 3087 EDA 2008, at 3 (Pa. Super. Ct. Oct. 27, 2009). The PCRA court construed Petitioner's amendment as a second PCRA petition. *See id.* On September 21, 2004, the PCRA court dismissed Petitioner's second PCRA petition because of the pending appeal of Petitioner's prior PCRA petition. *See id.* at 3-4. Petitioner then appealed the dismissal of his petition which the Superior Court quashed on March 9, 2005. *Id.* at 4. The Superior Court instructed Petitioner that he may renew his subsequent PCRA petition within "60 days of the resolution of the pending appeal." *Id.*

glass" to examine a nine-millimeter handgun found near the crime scene for identifiable

fingerprints. *See Commonwealth v. Williams*, No. 3087 EDA 2008, at 7-8 (Pa. Super. Ct. Oct.

27, 2009). The PCRA Court dismissed Petitioner's second PCRA as untimely, and Petitioner

appealed. *See id*. at 4. The Superior Court of Pennsylvania affirmed Petitioner's judgment of

sentence on October 27, 2009. *See id*. at 9. On November 30, 2009, Petitioner filed a Petition

for allowance of appeal with the Supreme Court of Pennsylvania. *See* Pennsylvania Docket, CP-

51-CR-0403571-1996 (Pa. Ct. Com. Pl. Nov. 30, 2009). The Supreme Court of Pennsylvania

denied allocatur on May 11, 2010. *See Commonwealth v. Williams*, No. 771 EAL 2009, at 1 (Pa.

2010).

On June 14, 2010, this Court granted Petitioner's motion to lift the stay of his federal

habeas petition. *See Williams v. Patrick*, 07-CV-0776 (E.D. Pa. June 14, 2010). In his petition

for writ of habeas corpus, Petitioner asserts the following claims:

(1)     Ineffective assistance of trial counsel for the failure to:

    (a)     request or secure funds for the retention of a fingerprint expert, who would review a handgun and ammunition magazine found near the scene of the crime (Ground A);

    (b)     investigate the origins of the handgun found near the scene of the crime (Ground B);

    (c)     object to inadmissible evidence, the testimony of four police officers as to the location of the nine-millimeter handgun upon the initial search of the crime scene (Ground C); and

    (d)     object to, or request a curative instruction concerning the cross-examination of Petitioner in regards to his supposed relationship with two individuals, "Rock" and "Poo" (Ground D).

(2)     Ineffective assistance of appellate counsel for the failure to:

    (a)     challenge, on the basis of error or abuse of discretion, the trial court's admission of alleged hearsay testimony over trial counsel's objection (Ground E);

     (b)     raise trial counsel's ineffectiveness in failing to impeach an investigating police officer's testimony with contradictory police reports in the possession of trial counsel (Ground F);

     (c)     raise trial counsel's ineffectiveness in failing to object to alleged prosecutorial misconduct of alleging, during summation to the jury, that Petitioner's defense counsel used the right to discovery to present false testimony (Ground G);

     (d)     raise trial counsel's ineffectiveness in failing to object to alleged prosecutorial misconduct of misstating evidence and misquoting witness testimony in summation (Ground H);

     (e)     raise trial counsel's ineffectiveness in failing to object to the prosecution's misconduct in asserting its personal opinion of Petitioner's credibility and guilt (Ground I); and

     (f)     raise trial counsel's ineffectiveness in failing to object to the trial court's failure to inform Petitioner of his right to speak before sentencing (Ground J).

     (3)     Commonwealth committed reversible error by using the "knowingly perjured testimony" of Officer Fox, who Petitioner claims lied about having used a "macro light" and a "fingerprint glass" to examine the handgun found near the scene of the crime for identifiable fingerprints (Ground K).

     (4)     Commonwealth violated *Brady* by failing to disclose the results of Officer Fox's examination of the handgun by "macro light" and "fingerprint glass" (Ground L).

     (5)     Commonwealth denied Petitioner his rights to confrontation, due process, and the presentation of a complete defense by withholding evidence concerning an I.A.D. investigation into Officer Fox's testimony in an unrelated matter (Ground M).

*See* Pet'r's *Pro Se* Hab. Pet. 5-12.  On January 13, 2011, Respondents filed a response asserting that Petitioner is not entitled to federal habeas relief because all of his claims are either meritless or procedurally defaulted.  *See* Respt's Hab. Resp. 1.  Petitioner filed a *pro se* Reply on March 25, 2011.  *See* Pet'r's *Pro Se* Hab. Reply 1.

     On April 24, 2011, Petitioner filed a *pro se* Motion to Amend his habeas petition.  *See* Pet'r's Mot. to Am. Hab., Proof of Serv.  This Court granted Petitioner's motion on September

22, 2011.  *See Williams v. Patrick*, No. 07-776 (E.D. Pa. Sept. 22, 2011).  Petitioner's motion

raises the following claim:

> (1)    Ineffective assistance of appellate counsel for failing to raise trial counsel's ineffectiveness for failing to object and/or move for a mistrial because of the jury's inconsistent verdict.

*See* Pet'r's Mot. to Am. Hab. 2.  Respondents filed a Response on October 28, 2011.  *See* Respt's

Am. Hab. Resp. 19.  The Respondents contend that Petitioner's amendment is untimely,

procedurally barred, and without merit.  *See id.* at 1.  Petitioner filed a *pro se* Reply on November

14, 2011, asserting that he is actually innocent.  *See* Pet'r's Reply, 1, Proof of Serv.


## II.     STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") grants to persons

in state or federal custody the right to file a petition in a federal court seeking the issuance of a

writ of habeas corpus.  *See* 28 U.S.C. § 2254.  The AEDPA increased the deference federal

courts must give to the factual findings and legal determinations of the state courts.  *Woodford v.*

*Viscotti*, 537 U.S. 19, 24 (2002); *Werts v. Vaughn*, 228 F.3d 178, 196 (3d Cir. 2000) (*citing*

*Dickerson v. Vaughn*, 90 F.3d 87, 90 (3d Cir. 1996)).  Pursuant to 28 U.S.C. § 2254(d), as

amended by the AEDPA, a petition for habeas corpus may only be granted if: (1) the state court's

adjudication of the claim resulted in a decision "contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of United

States; or (2)" the adjudication "resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding."  28

U.S.C. § 2254(d)(1)-(2).  Factual issues determined by a state court are presumed to be correct,

and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. *Werts*, 228 F.3d at 196 (*citing* 28 U.S.C. § 2254(e)(1)).

The Supreme Court expounded upon this language in *Williams v. Taylor*, 529 U.S. 362 (2000). In *Williams*, the Court explained that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Hameen v. State of Delaware*, 212 F.3d 226, 235 (3d Cir. 2000) (*citing Williams*, 529 U.S. at 389-90). The Court in *Williams* further stated that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 235 (*citing Williams*, 529 U.S. at 388-89). "In further delineating the 'unreasonable application of' component, the Supreme Court stressed that an unreasonable application of federal law is different from an incorrect application of such law and a federal habeas court may not grant relief unless that court determines that a state court's incorrect or erroneous application of clearly established federal law was also unreasonable." *Werts*, 228 F.3d at 196 (*citing Williams*, 529 U.S. at 389).

Petitioner raises thirteen (13) grounds of relief in his habeas petition.[2]  *See* Pet'r's *Pro Se*

Hab. Pet. 5-12.  For the foregoing reasons this Court respectfully recommends that Petitioner's

claims be **DENIED**.


III.     **DISCUSSION**

    A.     **Procedural Default**

Respondents argue that many of Petitioner's claims were not presented in accordance

with the state procedural requirements and thus are procedurally defaulted.  Upon review, this

Court finds that Claims K, L, and M are procedurally defaulted for failure to comply with Pa.

Cons. Stat. 42 § 9545(b) (2010).  Additionally, this Court finds that Claims A, B, E and G are

procedurally defaulted for failure to comply with Pennsylvania Rule of Appellate Procedure

2119, and will be addressed in turn.

A federal habeas court is precluded from reviewing claims rejected by the state court if

the state court relied upon "'a state law ground that is independent of the federal question and

adequate to support the judgment.'"  *Nolan v. Wynder*, 363 Fed. Appx. 868, 871 (3d Cir. 2010)

(*quoting Beard v. Kindler*, 558 U.S. __, 130 S. Ct. 612, 614 (2009)); *see also Taylor v. Horn*,

504 F.3d 416, 427-28 (3d Cir. 2007) (*citing Coleman v. Thompson*, 501 U.S. 722, 730 (1991)).

 In order for this doctrine to apply, the state procedural bar must have been "firmly established,

---

[2]  Petitioner filed a Motion to Amend his habeas petition on April 24, 2011, asserting a
fourteenth (14) ground for relief, Claim N.  *See* Pet'r's Mot. to Am. Hab., Proof of Serv.
However, as discussed below, Petitioner's amendment is untimely, does not relate back to his
original habeas claims, and does not warrant equitable tolling.  As such, the claim will be
addressed separately.

readily ascertainable, and regularly followed." *Nolan*, 363 Fed. Appx. at 871 (*quoting Szuchon v. Lehman*, 273 F.3d 299, 325 (3d Cir. 2001)) (emphasis omitted).  In other words, the following conditions must be met: "'(1) the state procedural rule speaks in unmistakable terms; (2) all appellate courts refused to review the petitioner's claims on the merits; and (3) the state courts' refusal in this instance is consistent with other decisions.'"  *Szuchon*, 273 F.3d at 325 (*quoting Doctor v. Walters*, 96 F.3d 675, 683-84 (3d Cir. 1996)).  Further, the adequacy of the rule is determined at the time of the state procedural default.  *Nolan*, 363 Fed. Appx. at 871 (*quoting Cabrera v. Barbo*, 175 F.3d 307, 313 (3d Cir. 1999)).  As the Supreme Court of the United States has explained, the application of the independent and adequate state ground doctrine is grounded in comity and federalism:

> In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court.  The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

*Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000) (*citing Coleman*, 501 U.S. at 732).

Additionally, a habeas petition is deemed to have met the technical requirements for exhaustion because there are no state remedies available.  *Coleman*, 501 U.S. at 732.

Here, the Superior Court refused to address the merits of claims K, L, and M that Petitioner raised in his second PCRA petition.  The Superior Court also refused to address claims A, B, E, and G, that Petitioner asserted on direct and PCRA appeal.  Below, this Court will address whether the applications of the PCRA statue of limitations and Pennsylvania Rule of Appellate Procedure 2119 result in a procedural default of Petitioner's claims.

### 1.      PCRA Statute of Limitations

Under the PCRA, a petitioner has one year after judgment becoming final to file any petition, including subsequent petitions, for relief, unless a petitioner can establish one of three outlined exceptions.  42 Pa. Cons. Stat. § 9545(b)(1); *see also Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[A]ny PCRA petition, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final.").  The Third Circuit has held that the PCRA statute of limitations is an independent and adequate state rule ground that precludes federal habeas review.  *See Peterson v. Brennan*, 196 Fed. Appx. 135, 141-42 (3d Cir. 2006) ("[W]e will affirm the District Court's order that the PCRA statute of limitations is an adequate and independent state ground to deny habeas relief.").  In *Peterson*, the Third Circuit held that the PCRA statute of limitations was sufficient despite the existence of exceptions that Pennsylvania courts sometimes invoke.  *See id*.  Therefore, this Court finds that the PCRA statute of limitations is an independent and adequate state law ground which precludes federal habeas review.  *See id*.

In the case at hand, Petitioner filed a *pro se* second PCRA petition on March 28, 2007, alleging newly discovered evidence.  *See Commonwealth v. Williams*, No. 3087 EDA 2008, at 4 (Pa. Super. Ct. Oct. 27, 2009).  The petition contained three claims that are now before this Court: claims K, L, and M within Petitioner's habeas petition.[3]  *See* Pet'r's *Pro Se* Second PCRA

---

[3]  The following claims included in Petitioner's *pro se* second PCRA petition were dismissed as untimely:

   (3)   Commonwealth committed reversible error by using the "knowingly perjured testimony" of Officer Fox, who Petitioner claims lied about having used a "macro light" and a "fingerprint glass" to examine the handgun found near the scene of the crime for identifiable fingerprints (Ground K).

Pet. 3.  The PCRA court ultimately dismissed Petitioner's *pro se* second PCRA petition as

untimely pursuant to 42 Pa. Cons. Stat. § 9545.  *See Commonwealth v. Williams*, No. 3087 EDA

2008, at 4 (Pa. Super. Ct. Oct. 27, 2009).  On appeal, the Superior Court found that Petitioner's

claims did not meet any of the three exceptions to the PCRA's timeliness requirement.  *See id.* at

5-8.  Thus, the Superior Court also declined to review these claims on the merits because of

Petitioner's untimeliness.  *See id.* at 4.  Because the state courts refused to review these claims on

the merits due to the PCRA statute of limitations, which is an independent and adequate state law

ground, claims K, L, and M are procedurally defaulted.  Consequently, this Court may not review

the merits of these claims, unless Petitioner establishes an exception to the procedural default,

discussed below.

### 2.      Pennsylvania Rule of Appellate Procedure 2119

On direct and PCRA appeal the Superior Court refused to address claims A, B, E, and G

pursuant to Pennsylvania Rule of Appellate Procedure 2119.[4]  *See Commonwealth v. Williams*,

---

(4)     Commonwealth violated Brady by failing to disclose the results of Officer Fox's examination of the handgun by "macro light" and "fingerprint glass" (Ground L).

(5)     Commonwealth denied Petitioner his rights to confrontation, due process, and the presentation of a complete defense by withholding evidence concerning an IAD investigation into Officer Fox's testimony in an unrelated matter (Ground M).

[4]  Although the Superior Court did not specifically cite Rule 2119, it is clear from the Superior Court's reasoning that Petitioner's claims were not reviewed for a failure to comply with Pa. R.A.P. 2119.  Pennsylvania Rule of Appellate Procedure 2119 provides in part:

> **(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part-in distinctive type or in type distinctively displayed-the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa. R.A.P. 2119; *see also Commonwealth v. Berry*, 877 A.2d 479, 485 (Pa. Super. Ct. 2005)

No. 1589 EDA 2003, at 2-5 (Pa. Super. Ct. June 13, 2005); *see Commonwealth v. Williams*, No. 1195 EDA 1999, at 3-4 (Pa. Super. Ct. Aug. 16, 2000). Rule 2119 provides that where an appellant's argument "fails to provide any discussion of a claim with citation to relevant authority or fails to develop the claim in any other meaningful fashion capable of review, that claim is waived." *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (*citing* Pa. R.A.P. 2119(a) ("[E]ach point [argued] must be 'followed by [a] discussion and citation of authorities as are deemed pertinent'")); *see also Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002) ("[I]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal") (*citing* Pa. R.A.P. 2119(a)). Because the state court refused to address claims A, B, E, and G due to a state procedural rule, this Court must determine whether Rule 2119 is an independent and adequate state law ground that precludes habeas review.

Courts within the Third Circuit have consistently held that Rule 2119 is an independent and adequate state procedural ground precluding federal habeas review. *See Kirnon v. Kloptoski*, 620 F. Supp. 2d 674, 684 (E.D. Pa. 2008) (*citing Boggs v. Diguglielmo*, No. Civ.A. 04-5882, 2006 WL 536025, at *3 (E.D. Pa. Mar. 6, 2006) (finding Rule 2119 to be an independent and adequate state ground and thus ripe for procedural default under federal habeas review)). Indeed, "[t]he federal courts have recognized since at least 2004 that the dismissal of an insufficiently articulated claim under Rule 2119 was an independent and adequate state law ground that constituted procedural default in a federal habeas proceeding." *See Pettit v.*

───────────────────

("[I]ssues that are not supported by citations to the record and to pertinent legal authority are [deemed] waived") (*citing* Pa. R.A.P. 2119).

*Coleman*, No. 08-1225, 2011 WL 4433162, at *5 (W.D. Pa. Sept. 21, 2011) (*citing Bennett v. Varner*, No. 03-3213, 2004 WL 302313, at *14 (E.D. Pa. Feb. 13, 2004)).  Therefore, this Court finds that Rule 2119 is an independent and adequate state law ground that precludes federal habeas review.

In the case at hand, Petitioner raised grounds A and B on direct appeal and grounds E and G on PCRA appeal.  *See Commonwealth v. Williams*, No. 1589 EDA 2003, at 2-5 (Pa. Super. Ct. June 13, 2005); *see Commonwealth v. Williams*, No. 1195 EDA 1999, at 3-4 (Pa. Super. Ct. Aug. 16, 2000).  The Superior Court found that Petitioner's claims A and B were mere allegations lacking in evidence and therefore incapable of review on the merits.  *See Commonwealth v. Williams*, No. 1195 EDA 1999, at 3-4 (Pa. Super. Ct. Aug. 16, 2000).  Similarly, on PCRA appeal the Superior Court affirmed that ground E "was completely undeveloped in [Petitioner's] petition," and moreover, that Petitioner's attempt to add "details regarding this claim" on appeal was precluded pursuant to Pennsylvania Rule of Appellate Procedure 302(a).  *See Commonwealth v. Williams*, No. 1195 EDA 1999, at 3-4 (Pa. Super. Ct. Aug. 16, 2000).  Finally, on PCRA appeal the Superior Court found that Petitioner had waived ground E for a "failure to develop" the claim.  *See id.* at 4.

Here, because the state courts refused to review these claims on the merits due to Pa. R.A.P. 2119, which is an independent and adequate state ground, claims A, B, E, and G are procedurally defaulted.  Consequently, this Court may not review the merits of these claims, unless Petitioner establishes an exception to the procedural default, which Petitioner failed to address as to claims A, B, E, and G.

### 3.      Exceptions to Procedural Default

Where a petitioner has defaulted a claim, federal habeas review of that claim is barred, unless he can demonstrate cause for the procedural default and actual prejudice resulting therefrom.  *See Martinez v. Ryan*, __U.S.__, 132 S. Ct. 1309, 1316 (2012) (*citing Coleman*, 501 U.S. at 750).  In order to demonstrate cause, the petitioner must show that "'some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'"  *Fogg v. Phelps*, 414 Fed. Appx. 420, 429-30 (3d Cir. 2011) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Examples of external impediments which have been found to constitute cause within the procedural default context include governmental interference which made compliance with the procedural rule impracticable, a showing that the factual or legal basis for a claim was not reasonably available to counsel, and ineffective assistance of counsel.  *See United States v. Pelullo*, 399 F.3d 197, 223 n.9 (3d Cir. 2005) (*quoting Wise v. Fulcomer*, 358 F.2d 30, 34 (3d Cir. 1992)).  "[F]or ineffective assistance of prior counsel to serve as 'cause' to excuse a procedural default, habeas petitioners must first exhaust the ineffective assistance claim itself in state court, or show cause and prejudice for that failure to exhaust."  *Tome v. Stickman*, 167 Fed. Appx. 320, 325 (3d Cir. 2006) (*citing Edwards*, 529 U.S. at 451-52).  To show prejudice, a petitioner must show more than a potential for prejudice, but rather that the error "'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'"  *Murray*, 477 U.S. at 494 (*quoting United States v. Frady*, 456 U.S. 152, 170 (1982)).  If a petitioner fails to establish both prongs, the procedural default may not be excused.

In the instant petition, Petitioner argues that he can establish cause and prejudice with allegedly newly discovered evidence.  *See* Pet'r's *Pro Se* Hab. Pet. 10.  In liberally construing his petition, this Court interprets Petitioner's arguments in his request for stay – concerning allegedly newly discovered evidence as a basis for grounds K, L, and M – as an attempt to establish cause and prejudice for his procedural default of grounds K, L, and M.  *See id.*; *see* Pet'r's Mot. to Stay Hab. ¶ 12.  Specifically, Petitioner contends that a letter he received on May 13, 2004,[5] stating that no known forensic finger print examinations are referred to as "macro light examinations," constitutes newly discovered evidence that shows Officer Fox lied during Petitioner's trial when Officer Fox testified to using a "macro light examination" on the gun found at the crime scene for fingerprints.  *See* Pet'r's Mot. to Stay Hab. ¶ 12; *see* Respt's Hab. Resp. 10 n.7.  Petitioner contends, therefore, that the Commonwealth used the perjured testimony of Officer Fox and the "prosecution withheld this evidence" in violation of *Brady v. Maryland*, 43 U.S. 83 (1963).  *See* Pet'r's *Pro Se* Hab. Pet. 10.  Petitioner asserts that the Commonwealth's *Brady* violation was an

---

[5]  Petitioner received a letter from Mr. Daniel McGuire, Esq., Assistant Counsel for the Pennsylvania State Police Office of Chief Counsel ("OCC").  *See* Respt's Hab. Resp., Ex. H (OCC Letter to Petitioner).  The letter provides in relevant part that:

> The Pennsylvania State Police ("PSP") are in receipt of your letter dated March 29, 2004, in which you requested information about 'macro light examinations.'

> There are various forensic tests which utilize light sources to locate latent prints.  However, none of these tests are known as 'macro light examinations.'  Accordingly, based upon the information contained in your letter, it is not possible to provide you with a specific response about the test used in the investigation conducted in your case.

> . . . .

*See id.*

external factor that prevented Petitioner's compliance with state procedures and caused him

"irreparable prejudice." *See* Pet'r's Mot. to Stay Hab. ¶ 12.

The Supreme Court has commented that establishing cause and prejudice regarding an

alleged *Brady* claim "'parallel[s] two of the three components of the alleged *Brady* violation

itself.'" *Banks v. Dretke*, 540 U.S. 668, 691 (2004) (*quoting Strickler v. Greene*, 527 U.S. 263,

282 (1999)).  "[I]f the government wrongfully suppresses evidence, then an external factor

prevented a petitioner's compliance with state procedure, and if the withheld evidence was

material to a petitioner's trial, then barring a petition on procedural grounds would create

prejudice." *Johnson v. Folino*, 671 F. Supp. 2d 658, 668 (E.D. Pa. 2009).  Under *Brady*, the

prosecution must disclose impeachment and exculpatory evidence that is favorable to a criminal

defendant, even without a request.  *Lambert v. Beard*, 633 F.3d 126, 133 (3d Cir. 2011) (*quoting*

*United States v. Bagley*, 473 U.S. 667 (1985)).  Further, evidence is material "'only if there is a

reasonable probability that, had the evidence been disclosed to the defense, the result of the

proceeding would have been different.'" *Id.*

In the instant petition, Petitioner asserts that he failed to present his claims in a timely

manner because "the prosecution withheld this evidence," yet he presents no evidence in support

of this contention.  *See* Pet'r's Mot. to Stay Hab. 6.[6]  Rather, as the Superior Court found,

Petitioner failed to exercise due diligence, and his proffered letter failed to introduce either an

expert or any evidence.  *See Commonwealth v. Williams*, No. 3087 EDA 2008, at 8 n.3 (Pa.

Super. Ct. Oct. 27, 2009).  In fact, the Superior Court specifically disagreed with Petitioner's

reliance on *Brady v. Maryland*, 373 U.S. 83 (1963), calling it "misplaced." *See Commonwealth*

---

[6]  The Court refers to the page numbers as docketed within docket entry number 1-1.

*v. Williams*, No. 3087 EDA 2008, at 8 n.3 (Pa. Super. Ct. Oct. 27, 2009).  The Superior Court found that Petitioner's claim was a "bald assertion of perjury."  *See id.*  In response, Petitioner asserts that the Supreme Court's holding in *Rhines v. Weber*, 544 U.S. 269 (2005), augers for this Court's grant of a stay and abeyance of the petition to allow Petitioner to present these "unexhausted" claims in state court.  *See* Pet'r's Mot. to Stay Hab. 3-6.  However, *Rhines* requires a showing of good cause for Petitioner's failure to exhaust his claims in state court.  *See Rhines*, 544 U.S. at 277.  In the instant case, such a showing is impossible, as the Superior Court found that Petitioner failed to present any new evidence in support of his claim or to account for his delay in pursuing such evidence.  *See Commonwealth v. Williams*, No. 3087 EDA 2008, at 8 n.3 (Pa. Super. Ct. Oct. 27, 2009).  As the Superior Court stated, "[a]ppellant has provided no explanation as to why he failed to pursue information regarding 'macro light examinations' prior to his letter of March 29, 2004, a period of nearly five years."  *Id.*

Nevertheless, Petitioner continues to allege that "[a] Philadelphia Police officer lied about a test that was allegedly conducted … [and] the results of this test were never turned over to the defense."  *See* Pet'r's Mot. to Stay Hab. ¶ 12.  From this, Petitioner argues that the Commonwealth "intentionally with[eld] exculpatory evidence, fail[ed] to subject evidence in its possession to certain evidentiary tests, allow[ed] known perjured testimony to go uncorrected, fail[ed] to disclose to defense the results of a scientific test, and fail[ed] to disclose to defense facts about an officer that he was involved in misconduct."  *See id.* at 5-6.  However, Petitioner has not provided any supporting argument sufficient to sustain his assertions, let alone excuse his procedural default.  *See id.*  Even assuming that the officer perjured himself and the Commonwealth withheld the documentation, Petitioner has not explained how this evidence

20

could be used for exculpatory or impeachment purposes.  *See id.*  Petitioner merely asserts –

without explanation – that the Commonwealth withheld this information.  *See id.*  Because

Petitioner has not established that this evidence is material under *Brady*, this Court finds that

Petitioner failed to demonstrate actual prejudice sufficient to excuse his procedural default.  *See*

*Lambert*, 633 F.3d at 133.  Accordingly, this Court finds that Petitioner has not proven cause for

his failure to timely raise claims K, L, and M in the state courts.

Even if a petitioner fails to prove cause and prejudice, a federal court may review a

petitioner's procedurally defaulted claim if he can demonstrate that failure to consider the claim

will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 748; *see also Houck v.*

*Stickman*, 625 F.3d 88, 93 (3d Cir. 2010).  To demonstrate this exception, the Supreme Court

requires that the petitioner show that a "'constitutional violation has probably resulted in the

conviction of one who is actually innocent.'"  *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (*quoting*

*Murray*, 477 U.S. at 496).  To satisfy the actual innocence standard, a petitioner must show that,

in light of new evidence, it is more likely than not that no reasonable juror would have found him

guilty beyond a reasonable doubt.  *Id.*; *Houck*, 625 F.3d at 93.

Here, Petitioner neither claims "actual innocence" nor presents any evidence or argument

that would convince this Court that no reasonable juror would have found him guilty beyond a

reasonable doubt.[7]  *See Schlup*, 513 U.S. at 327.  Thus, the actual innocence exception to procedural default does not apply.

Therefore, this Court is foreclosed from reviewing Petitioner's procedurally defaulted claims and respectfully recommends claims K, L, and M be DISMISSED.  Likewise, as indicated above, this Court recommends claims A, B, E, and G be DISMISSED, as Petitioner failed to assert any exception to procedural default for those claims.

---

[7]  This Court notes that for the first time in numerous filings before this Court, Petitioner uses the words "actual innocence" and "fundamental miscarriage of justice" within his motion to amend his habeas petition.  *See* Pet'r's Mot. to Am. Hab. 14-16.  As discussed below, this Court recommends that Petitioner's amendment be dismissed because it is untimely, does not relate back to his original habeas claims, and does not warrant equitable tolling.

However, even when considering Petitioner's actual innocence assertions as an exception to procedural default, they do not warrant relief.  *See Schlup*, 513 U.S. at 327.  To fall within the "fundamental miscarriage of justice" exception, the United States Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Schlup*, 513 U.S. at 327 (*citing Murray*, 477 U.S. at 496); *Glass v. Vaughn*, 65 F.3d 13, 16-17 (3d Cir. 1995) (assuming that the *Schlup* miscarriage of justice/actual innocence standard applied to noncapital petitioner arguing eligibility for lesser degree of guilt).  To satisfy the "actual innocence" standard, a petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.  *Schlup*, 513 U.S. at 327; *see also Glass*, 65 F.3d at 16.  Newly discovered evidence is evidence that at trial was not actually "known or could have been known by the diligence of the defendant or his counsel."  *United States v. Cimera*, 459 F.3d 452, 461 (3d Cir. 2006) (*quoting United States v. Bujese*, 371 F.2d 120, 125 (3d Cir. 1967)).

Petitioner does not articulate an actual innocence claim within the meaning of the miscarriage of justice exception to procedural default.  *See Schlup*, 513 U.S. at 327.  In his motion to amend, Petitioner asserts as his basis for new evidence that "the jury rendered" an "inconsistent verdict."  *See* Pet'r's Mot. to Am. Hab. 2, 14-16.  Petitioner's opinion as to the jury's verdict, however, does not constitute newly discovered evidence that was absent from Petitioner's original trial.  *See Cimera*, 459 F.3d at 460-61.  As Petitioner has made no colorable showing of actual innocence, he has failed to demonstrate that a miscarriage of justice will result if his amended claim is not reviewed.  *See Coleman*, 501 U.S. at 748; *see Schlup*, 513 U.S. at 327.

**B.      Ineffective Assistance of Counsel Claims**

Petitioner's remaining claims include six grounds of ineffective assistance of counsel,

(Grounds C, D, F, H, I, J) that are not procedurally defaulted.  *See* Pet'r's *Pro Se* Hab. Pet. 5-12.

Respondents contend that all of these claims are meritless.  *See* Rept's Hab. Resp. 11.

Petitioner's ineffective assistance of counsel claims are governed by *Strickland v.*

*Washington*, 466 U.S. 668 (1984).  In *Strickland*, the United States Supreme Court set forth the

standard for a petitioner seeking habeas relief on the grounds of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient.  This
> requires showing that counsel made errors so serious that counsel was not
> functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.
> Second, the defendant must show that the deficient performance prejudiced the
> defense.  This requires showing that counsel's errors were so serious as to deprive the
> defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.  Because "it is all too easy for a court, examining counsel's defense after it has proved

unsuccessful, to conclude that a particular act or omission of counsel was unreasonable," a court

must be "highly deferential" to counsel's performance and "indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.

To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different.  A

reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at

694.  Assessing prejudice using *Strickland* as been further defined as a question of "whether

there is a reasonable probability that, absent the errors, the fact finder would have had a

reasonable doubt respecting guilt."  *Id.* at 695; *see also Harrington v. Richter*, 131 S. Ct. 770,

23

791-92 (2011) (citation omitted).  However, the "[l]ikelihood of a different result must be

substantial, not just conceivable."  *Harrington*, 131 S. Ct. at 792 (citations omitted).

"It is past question that the rule set forth in *Strickland* qualifies as 'clearly established

Federal law, as determined by the Supreme Court of the United States.'"  *Williams*, 529 U.S. at

391.  Thus, Petitioner is entitled to relief if the Pennsylvania courts' rejection of his claims was

either "contrary to, or involved an unreasonable application of," that established law.  *See id.*  As

the Supreme Court recently stated, though, establishing that a state court's application of

*Strickland* was unreasonable under § 2254(d) is no easy task.  *Premo v. Moore*, __U.S.__, 131 S.

Ct. 733, 739-40 (2011).  Because the *Strickland* standard and § 2254 are "both highly deferential,

… when the two apply in tandem, review is 'doubly' so."  *Id.* at 740 (citations omitted).  On

habeas review, the court should not ask whether counsel's actions were reasonable.  *Id.*  Rather,

the habeas court should ask whether there is any reasonable basis to support the conclusion that

counsel satisfied *Strickland*'s deferential standard.  *Id.*

This Court will address each of Petitioner's ineffective assistance of counsel claims

separately.

     **1.**     **Ineffective assistance of trial counsel for failing to object to allegedly inadmissible evidence.**

Petitioner contends, under Ground C, that his trial counsel was ineffective for failing to

object to the testimony of four police officers regarding a nine-millimeter gun found at the crime

scene.  *See* Pet'r's *Pro Se* Hab. Pet. 9.  Petitioner asserts that counsel should have objected to

each of the officers' responses, as they had "no evidentiary basis."  *See id.*  Respondents argue

that the officers' responses were based on their personal knowledge and observations and

24

therefore "[c]ounsel cannot be held ineffective for failing to raise such a pointless objection." *See* Respt's Hab. Resp. 12.

At trial, when asked whether an initial search of the crime scene revealed a gun, each officer answered no.  N.T. 4/16/97 at 122-31; N.T. 4/17/97 at 13-18, 27, 31-37, 43, 126-33. However, police later recovered a gun from the crime scene after a nearby car moved from its parked position.  *See Commonwealth v. Williams*, No. 1195 EDA 1999, at 4 (Pa. Super. Ct. Aug. 16, 2000).  When asked during trial for his opinion as to the gun's whereabouts during the initial crime scene search, Officer Linwood Norman testified that he believed someone had stashed the gun inside the wheel of the nearby car.  N.T. 4/17/97 at 48-53.  Petitioner contends that there was no evidentiary basis for the testimony of the four police officers regarding the nine millimeter handgun, therefore obligating trial counsel to object citing speculation.  *See* Pet'r's *Pro Se* Hab. Pet. 9.  The Superior Court dismissed this claim on direct appeal, finding that Petitioner failed to state "the way in which he was prejudiced by his counsel's failure to object."  *See Commonwealth v. Williams*, No. 1195 EDA 1999, at 4 (Pa. Super. Ct. Aug. 16, 2000).

It is a reasonable application of established federal law for a court to deny an ineffective assistance of counsel claim based solely upon a petitioner's failure to establish prejudice.  *See Strickland*, 466 U.S. at 687, 691 (holding that a petitioner must show *both* that counsel's performance was deficient and that counsel's ineffectiveness prejudiced petitioner's trial).  Thus, a claim of ineffective assistance of counsel will be denied if the petitioner makes an insufficient showing under either prong.  *Id.* at 697.  There is no set order in which the court must address the two prongs.  *Id.*  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  *Id.*;

*Rainey v. Varner*, 603 F.3d 189, 201 (3d Cir. 2010).  To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.  Ultimately, absent a claim of insufficiency of evidence supporting the judgment in making the determination as to whether the specified actions resulted in prejudice, the court should presume that the judge or jury acted according to law.  *Id.*

This Court finds that Petitioner has not shown prejudice from his trial counsel's decision not to object to the statements of the four police officers.  *See Strickland*, 466 U.S. at 694.  The four officers testified at trial that they did not find the gun until a nearby car moved from its parked position.  *See Commonwealth v. Williams*, No. 1195 EDA 1999, at 4 (Pa. Super. Ct. Aug. 16, 2000).  Officer Fox also testified that adverse weather conditions may have contributed to the oversight during their initial search.  N.T. 4/17/97 at 170-71.  This testimony, even if speculative, did not prejudice Petitioner, as the officers' inability to explain how the gun arrived at the crime scene or why the officers were unable to find the gun during their initial search, actually allowed Petitioner's counsel to question the reliability of the officer's investigation and testimony.  N.T. 4/23/97 at 260-70.  Moreover, the officers' testimony also allowed Petitioner's counsel to argue that one of the victim's friends placed the gun inside the nearby car's wheel before police arrived, thus supporting Petitioner's theory of self-defense.  *See id.*  Furthermore, although Petitioner asserts that the officers' testimony caused him prejudice, Petitioner has not provided this Court with any argument or factual support to show how his counsel's failure to object caused

prejudice.  *See* Pet'r's *Pro Se* Hab. Pet. 9.  Therefore, Petitioner has failed to show how the

officer's testimony caused him prejudice.  *See Strickland*, 466 U.S. at 694.

Accordingly, the state court's determination that Petitioner failed to establish prejudice

was neither contrary to nor an unreasonable application of clearly established federal law.  *See*

*Williams*, 529 U.S. at 391.  Therefore, this Court recommends that Petitioner's claim C be

denied.

> **2.      Ineffective assistance of trial counsel for failure to object to, or
> request a curative instruction, concerning questions that Petitioner
> answered on cross-examination.**

Petitioner next claims, in Ground D, that trial counsel was ineffective for failing to object

to or request a curative instruction regarding questions that Petitioner answered on cross-

examination about his relationship with two individuals, "Rock" and "Poo."  *See* Pet'r's *Pro Se*

Hab. Pet. 9.  Petitioner first raised this claim on direct appeal, asserting prejudice from the

prosecutor's questioning of his association with "Rock" and "Poo" because the questions were

"irrelevant" and created the perception that Petitioner was a "bad person" because he associated

with "bad people."  *See Commonwealth v. Williams*, No. 1195 EDA 1999, at 5 (Pa. Super. Ct.

Aug. 16, 2000).

The Superior Court dismissed Petitioner's claim on direct appeal as meritless.  *See*

*Commonwealth v. Williams*, No. 1195 EDA 1999, at 5 (Pa. Super. Ct. Aug. 16, 2000).

Specifically, the Superior Court found that the line of questioning in the trial record did not

indicate that either individual was a "bad person," or that Petitioner "was involved in Poo's

shooting."  *See id.*  The Superior Court refused to entertain Petitioner's alleged propensity

inference, reasoning that an appellate court will not consider facts on appeal which do not appear

27

in the trial record.  *See Commonwealth v. Williams*, No. 1195 EDA 1999, at 5 (Pa. Super. Ct.

Aug. 16, 2000).  Accordingly, without consideration to Petitioner's alleged inference, the

Superior Court ruled that the claim was meritless.  *See id.*

   In relevant part, the prosecution began the cross-examination of Petitioner by offering

statements that Petitioner's witness, Kareemah Robinson, made to police officers at the crime

scene.  Ms. Robinson told the police that Petitioner had told her, "I'm taking two bodies tonight,"

one of whom she suspected was "Rock."  N.T. 4/23/97 at 32, 36-40.  Further, Ms. Robinson

informed police that she heard from the victim Kenneth Billie that Petitioner took part in the

shooting of "Poo."  N.T. 4/23/97 at 22-25.  The prosecutor then proceeded to question Petitioner:

> Q: Do you know this guy named Rock?
> A: Rock?  I know a Rock, he lives on Chester Avenue.
> Q: Guy from the neighborhood?
> A: Yes, he is.
> Q: Did he owe you money?
> A: Not this Rock, no.
> Q: Do you know any other Rock?
> A: No, I only know one Rock.  He's Rock, Junior.
> Q: Is there a Rock, Senior?
> A: I don't know.  They just call him Rock, Junior.
> Q: No one named Rock owed you any money?
> A: No, sir.
>
> Q: Do you know a guy named Poo?
> A: Yes, I do.
> Q: Had Poo gotten shot in the neighborhood?
> A: Not actually in that neighborhood.
> Q: All right.  But had he gotten shot?
> A: Yes, he had.

N.T. 4/23/97 at 105-06.

   Upon review of the record, this Court finds that the state court's determination is

consistent with *Strickland*.  *See Werts*, 228 F.3d at 178, 203 (counsel cannot be deemed

ineffective for failing to raise a meritless claim).  Petitioner is not entitled to relief unless the

state court's holding was contrary to, or an unreasonable application of, clearly established

federal law.  *See* 28 U.S.C. § 2254(d)(1); *see Williams*, 529 U.S. at 391.  Consistent with the state

court's examination of the record, nothing in the prosecutor's line of questioning of Petitioner

indicates that "Rock" and "Poo" are bad people, that Petitioner is a bad person based on his

association with them, or that Petitioner participated in Poo's shooting.  *See* N.T. 4/23/97 at 104-

107.  Therefore, consistent with the Superior Court's finding, any objection by Petitioner's

counsel as to prejudice would have been meritless.

   This Court concludes that the state court's finding is not contrary to or an unreasonable

application of clearly established federal law, or based upon an unreasonable determination of the

facts.  *See* 28 U.S.C. § 2254(d)(1)-(2).  The failure of Petitioner's trial counsel to raise a meritless

objection cannot render him constitutionally ineffective under *Strickland*.  *See Werts*, 228 F.3d at

178, 203.  Therefore, this Court recommends that Petitioner's claim D be denied.

   **3.**  **Ineffective assistance of appellate counsel for failure to raise trial counsel's ineffectiveness in failing to impeach an investigating police officer's testimony with contradictory police reports in the possession of trial counsel.**

   Petitioner next claims, in Ground F, that appellate counsel was ineffective for not raising

trial counsel's alleged failure to impeach Officer Lamont Fox during cross-examination

regarding a police investigation report that Officer Fox had prepared.[8]  *See* Pet'r's *Pro Se* Hab.

Pet. 9 (reverse).  During trial, Officer Fox testified that he performed a latent print examination

---

   [8]  This Court notes that the *Strickland* test also applies to assertions of ineffective
assistance of appellate counsel.  *See Buehl v. Vaughn*, 166 F.3d 163, 173-74 (3d Cir. 1999)
(*citing Strickland*, 466 U.S. at 689).

of a gun found at the crime scene that was later determined not to be the murder weapon.  *See* N.T. 4/17/97 at 138-42, 148.  In his report, however, Officer Fox checked a box stating that he had not performed a latent print examination.  *See* N.T. 4/23/97 at 260-70.  Based on these facts presented at trial, Petitioner argues that trial counsel should have questioned Officer Fox as to whether he actually performed a latent print examination on the gun.  *See* Pet'r's Hab. Pet. 9 (reverse).  Petitioner contends that Officer Fox would have answered yes, thereby contradicting the written report and ruining his credibility with the jury.  *See id.*

Petitioner originally raised this claim in his first PCRA petition.  *See Commonwealth v. Williams*, No. 1589 EDA 2003, at 4 (Pa. Ct. Com. Pl. June 25, 2003).  On appeal, the Superior Court affirmed the PCRA court's dismissal of Petitioner's claim, finding that "counsel's cross-examination of the officer was thorough and enabled counsel to argue in his closing that the report was favorable to [Petitioner]."  *See Commonwealth v. Williams*, No. 1589 EDA 2003, at 3 (Pa. Super. Ct. June 13, 2005).  Both the Superior Court and the PCRA Court found that Petitioner "could not show any prejudice in connection with this claim."  *Id.*

Here, Petitioner has not shown prejudice from his counsel's alleged failure not to impeach the investigating officer.  *See Strickland*, 466 U.S. at 687, 691.  First, Petitioner incorrectly contends that counsel failed to question Officer Fox regarding the latent print examination.  *See* Pet'r's *Pro Se* Hab. Pet. 9 (reverse).  Petitioner's trial counsel did in fact challenge the accuracy of Officer Fox's report at trial and extensively questioned him as to whether a "latent examination" occurred.  N.T. 4/17/97 at 154-57, 161-65.  Moreover, during closing arguments before the jury, Petitioner's trial counsel specifically raised Officer Fox's discrepant written and verbal claims as to whether such an exam occurred.  *See* N.T. 4/23/97 at

30

274-75.  Furthermore, Petitioner has not provided this Court with any argument or factual

support as to how he was prejudiced by his counsel's alleged failure to impeach Officer Fox's

testimony.  *See* Pet'r's *Pro Se* Hab. Pet. 9 (reverse).  As the state court found, counsel's handling

of the issue allowed counsel to make a favorable closing argument, including arguing that Officer

Fox's written report stated that no exam had been performed.  *See Commonwealth v. Williams*,

No. 1589 EDA 2003, at 3 (Pa. Super. Ct. June 13, 2005).  Petitioner simply cannot show

prejudice from his trial counsel's actions concerning Officer Fox's report and testimony.  *See*

*Strickland*, 466 U.S. at 687, 691.

Accordingly, this Court finds that the state court's determination was neither contrary to

nor an unreasonable application of clearly established federal law.  *See Williams*, 529 U.S. at

391.  This Court agrees with the state court's finding and recommends that Petitioner's claim F

be denied.  *See Strickland*, 466 U.S. at 687, 691.

> **4.     Ineffective assistance of appellate counsel for failure to raise trial**
> **counsel's ineffectiveness in not objecting to alleged prosecutorial**
> **misconduct (misstating evidence and misquoting witness testimony in**
> **summation).**

Petitioner claims, in Ground H, that appellate counsel was ineffective for failing to raise

the ineffectiveness of his trial counsel for not objecting to alleged prosecutorial misconduct.  *See*

Pet'r's *Pro Se* Hab. Pet. 10 (reverse).  Petitioner originally raised this claim in his first PCRA

petition.[9]  *See Commonwealth v. Williams*, No. 1589 EDA 2003, at 4 (Pa. Ct. Com. Pl. June 25,

---

[9]  Petitioner's habeas petition fails to specify which prosecutorial closing statements
constitute prosecutorial misconduct for misstating the evidence and misquoting a witness.  *See*
Pet'r's *Pro Se* Hab. Pet. 10.  Nonetheless, in liberally construing the petition, this Court refers to
the two statements Petitioner specified on PCRA appeal and his appeal to the Superior Court, in
which Petitioner alleged prosecutorial misconduct for misstating the evidence and misquoting a

2003).  In his PCRA petition, Petitioner took exception to two statements the prosecutor made during closing arguments.  *See* Respt's Hab. Resp., Ex. G. at 15-16 (Petitioner's App. Br.).  First, the prosecutor's statement to the jury that Petitioner approached the victim to "get a good shot angle at him" before firing "two more shots at the back of [the victim], as he was running down the street.  Physical evidence doesn't lie."  *See id*.  Second, the prosecutor asserted to the jury that if Kenneth Billie had a gun in his possession at the time of the shooting, the first person to reach him would not have left it on the street for the police to find.  *See* Respt's Hab. Resp. Ex., G. at 15-16 (Petitioner's App. Br.); N.T. 4/24/97 at 125-26.  Petitioner's trial counsel did not object, request a curative instruction, or move for a mistrial based upon the district attorney's comments.

The PCRA court concluded and the Superior Court affirmed, that the prosecutor's remarks were appropriately drawn from the evidence and testimony presented at trial.  *See Commonwealth v. Williams*, No. 1589 EDA 2003, at 4 (Pa. Super. Ct. June 13, 2005).  The PCRA court dismissed Petitioner's claim reasoning that the prosecutor's remarks would not have had the "unavoidable effect" of forming a "fixed bias and hostility toward the defendant" in the minds of the jurors.  *See Commonwealth v. Williams*, No. 1589 EDA 2003, at 5 (Pa. Ct. Com. Pl. June 25, 2003).  On appeal, the Superior Court affirmed and agreed with the PCRA court that the prosecutor's remarks, when considered in context, constituted "reasonable inferences from the evidence presented and/or fair responses to the arguments advanced by defense counsel."  *See Commonwealth v. Williams*, No. 1589 EDA 2003, at 3-4 (Pa. Super. Ct. June 13, 2005).

---

witness.  *See* Respt's Hab. Resp., Ex. G. at 15-16 (Petitioner's App. Br.)

Moreover, the Superior Court found that the prosecutor's remarks were not "so prejudicial as to have made it impossible for the jury to weigh the evidence in a neutral matter." *See id.*

Prosecutorial misconduct may warrant federal habeas relief if the prosecutor's acts "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Greer v. Miller*, 483 U.S. 756, 765 (1987). In order to constitute a due process violation, "the prosecutorial misconduct must be 'of sufficient significance to result in the denial of the defendant's right to a trial.'" *United States v. Bagley*, 473 U.S. 667, 676 (1985) (*quoting United States v. Agurs*, 427 U.S. 97, 96 (1976)). It is not sufficient to prove that the prosecutor's remarks were "undesirable or inappropriate," *Lesko v. Lehman*, 925 F.2d 1527 (3d Cir. 1991) or even "universally condemned," *Todaro v. Fulcomer*, 944 F.2d 1079 (3d Cir. 1991), the petitioner must show that he was denied a fair trial. *Smith v. Phillips*, 455 U.S. 209, 221 (1982).

To evaluate whether a prosecutor's misconduct rose to the level of a constitutional violation, a federal habeas court must examine the prosecutor's conduct in the context of the whole trial. *Greer*, 483 U.S. at 765-66; *see Reid v. Beard*, 420 Fed. Appx. 156, 159 (3d Cir. 2011) ("A reviewing court must 'examine the prosecutor's offensive actions . . . [by] assessing the severity of the conduct, the effect of the curative instructions, and the quantum of evidence against the defendant'") (*quoting Moore v. Morton*, 255 F.3d 95, 105 (3d Cir. 2001)). Because "'[i]nappropriate prosecutorial comments standing alone, would not justify a reviewing'" court's reversal of "'a criminal conviction obtained in an otherwise fair proceeding.'" *Fahy v. Horn*, 516 F.3d 169, 198 (3d Cir. 2008) (*quoting United States v. Young*, 470 U.S.1, 11-12 (1985)). Ultimately, the conduct complained of must be sufficiently prejudicial in the context of the entire

trial to violate a petitioner's due process rights.  *Donnelly v. DeChristoforo*, 416 U.S. 637, 639

(1974).

Upon review, this Court finds that the Superior Court's conclusion was not an

unreasonable application of established federal law.  *See Williams*, 529 U.S. at 391.  Trial

testimony of four eyewitnesses fully supports the prosecutor's first statement describing how

Petitioner shot the victim.  N.T. 4/16/97 at 36-38; 4/17/97 at 70-72, 86-88; 4/18/97 at 50-59, 91,

94, 131.  The eyewitness testimony established that Petitioner fired his first shot while he and

Kenneth Billie stood facing each other in the street and that Petitioner then fired twice more

when Billie turned to run.  *See* N.T. 4/18/97 at 50-59.  This order of events is also supported by

the testimony of Officer Vincent Parker who discovered the placement of three fired cartridges in

the street, and Officer James O'Hara, a ballistics expert who testified that all of the cartridges

were fired from the same gun that shot Billie.  N.T. 4/17/97 at 9, 11-14; N.T. 4/15/97 at 134-35,

137-38, 146, 159-60, 165-66.  Thus, the prosecutor statements of how Petitioner shot the victim

merely draw on the eyewitness testimony and evidence presented at trial as to how Petitioner shot

the victim.  Any objection by Petitioner's trial counsel, therefore, would have been an

inappropriate challenge to statements that the prosecutor made which reiterated evidence that the

jury had already heard during the course of trial.  *See Folino*, 162 Fed. Appx. at 104-05.

The prosecutor's second statement regarding Kenneth Billie's possible possession of a

nine-millimeter handgun found near the crime scene, is also appropriate based on the record.  *See*

*Reid*, 420 Fed. Appx. at 159.  In support of a self-defense theory, Petitioner's trial counsel

alleged that Billie's friend likely "pluck[ed] the gun out of his hand" before police arrived,

depositing it in the wheel of the nearby car.  N.T. 4/23/97 at 267.  In direct response to the self-

defense theory that Petitioner's counsel raised, the prosecutor argued that it would have been illogical for Billie's friend to attempt to conceal the gun from the police yet hide it only yards away from the victim.  *See* N.T. 4/24/97 at 125-26.  The prosecutor's statement naturally responded to the argument that Petitioner's counsel had advanced, and thus was quite appropriate in the context of trial.  *See Reid*, 420 Fed. Appx. at 159.

Even if the prosecutor's statements were improper, the conduct did not so infect the trial process as to make the resulting conviction a denial of due process.  *See Reid*, 420 Fed. Appx. at 159.  As the Superior Court made clear in its discussion of Petitioner's claim, "the trial court explicitly and repeatedly instructed the jurors that the prosecution's questions and comments were not evidence and that the jury alone solely determined the facts."  *See Commonwealth v. Williams*, No. 1589 EDA 2003, at 5 (Pa. Super. Ct. June 13, 2005); N.T. 4/24/97 at 98. Moreover, the impact of these statements succumbs to "the significant amount of evidence establishing [Petitioner's] guilt."  *See id.*  Petitioner simply cannot show that either statement so infected the trial process as to "make the resulting conviction a denial of due process."  *See Reid*, 420 Fed. Appx. at 159.

Accordingly, this Court concludes that the state court's finding is not contrary to or an unreasonable application of clearly established federal law, or based upon an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d)(1)-(2).  The failure of Petitioner's trial counsel to raise a meritless objection to the prosecutor's statements during closing arguments cannot render him constitutionally ineffective under *Strickland*.  *See Werts*, 228 F.3d at 178, 203. Therefore, this Court recommends that claim H be denied.

> **5.   Ineffective assistance of appellate counsel for failure to raise trial counsel's ineffectiveness in failing to object to alleged prosecutorial misconduct (assertion of his personal opinion regarding Petitioner's credibility and guilt).**

Petitioner also claims ineffective assistance of counsel regarding prosecutorial misconduct in Ground I.  *See* Pet'r's *Pro Se* Hab. Pet. 10 (reverse).  Specifically, Petitioner argues that the following prosecutorial statements were an improper assertion of personal opinion regarding Petitioner's credibility and guilt:

> "If [Petitioner] had a gun in the house that night, which I submit he did not because everything [Petitioner] tells you I submit is completely untrustworthy . . . "

> "[Petitioner's] explanation as to what happened out there was completely incredible."

> "[Petitioner], stick a fork in him. It's done, it's over, he's history."

*See id.*; N.T. 4/24/97 at 104, 149.  Petitioner's trial counsel did not object, request a curative instruction, or move for a mistrial based upon the district attorney's comments.

Petitioner raised this claim in his first PCRA petition, which the PCRA court dismissed and the Superior Court later affirmed.  *See Commonwealth v. Willliams*, No. 1589 EDA 2003, at 4-5 (Pa. Super. Ct. June 13, 2005).  On review, the Superior Court noted that Petitioner's own testimony provided the prosecution with a proper basis to question his veracity.  *See Commonwealth v. Willliams*, No. 1589 EDA 2003, at 4-5 (Pa. Super. Ct. June 13, 2005).  Additionally, Petitioner's defense at trial "centered on what he alleged was an extensive fabrication by the Commonwealth witnesses."  *See id.* at 4-5.  As a result, the Superior Court found the Commonwealth's counter-argument that "it was [Petitioner] who was engaging in fabrication as established by the evidence, constituted a fair response."  *See id.* at 5.  Moreover,

the Superior Court noted that the prosecutor's comments "when viewed in the entire context of

the case . . . were plainly insufficient to sway the jury or to disable it such that it could not render

a fair verdict." *Id.*

Upon review, this Court finds that Petitioner has not shown prejudice from his trial

counsel's decision not to object to the prosecutor's statements regarding Petitioner's credibility

and guilt. *See Fahy*, 516 F.3d at 198. To show prejudice, Petitioner is required to prove that the

prosecutor's comments were both improper and so egregious as to render the trial fundamentally

unfair. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986). The prosecutor's comments are

examined in the context of the trial and against the "severity of the conduct, the effect of the

curative instructions, and the quantum of evidence against the defendant." *Moore*, 255 F.3d at

107. A prosecutor is "entitled to considerable latitude in summation to argue the evidence and

any reasonable inferences that can be drawn from that evidence." *See United States v.

Hernandez*, 412 Fed. Appx. 509, 511 (3d Cir. 2011) (*citing United States v. Lee*, 612 F.3d 170,

194 (3d Cir. 2010)). The unfairness from the prosecutor's improper statements must be such as

would render "the resulting conviction a denial of due process." *See Fahy*, 516 F.3d at 198

(*quoting Greer*, 483 U.S. at 765).

Here, Petitioner cannot show that the prosecutor's comments were improper. *See

Hernandez*, 412 Fed. Appx. at 511-12. The prosecutor's comments regarding Petitioner's

credibility concerned Petitioner's own testimony and the evidence presented at trial. *See

Commonwealth v. Willliams*, No. 1589 EDA 2003, at 4-5 (Pa. Super. Ct. June 13, 2005).

Petitioner's testimony in support of his self-defense theory revolved around an alleged

fabrication by the Commonwealth witnesses. *See id.* at 5. In response, the prosecutor submitted

37

that Petitioner was "untrustworthy," and that his testimony was "incredible."  N.T. 4/24/97 at

104.  These comments were not improper where, as the Superior Court indicated, there was

ample evidence to support that Petitioner's testimony was in fact fabricated.  *See Hernandez*, 412

Fed. Appx. at 511-12.

The prosecutor's comment regarding Petitioner's guilt when considered in the context of

trial similarly fails to rise to the level of impropriety.  *See Moore*, 255 F.3d at 107.  Specifically,

the prosecution asserted "[Petitioner], stick a fork in him. It's over, it's done, he's history."  N.T.

4/24/97 at 149.  As the Superior Court found these comments alone, however, "were plainly

insufficient to sway the jury or to disable it such" that it rendered an unfair verdict based on the

evidence presented at trial.  *See Commonwealth v. Williams*, 1589 EDA 2003, at 5 (Pa. Super. Ct.

June 13, 2005).  Moreover, the Superior Court accentuated that the statements were not unfairly

prejudicial, given the "significant amount of evidence establishing Petitioner's guilt."  *Id.*

Therefore, when considered in the context of trial, the prosecutor's statement regarding

Petitioner's guilt cannot be considered improper.  *See Moore*, 255 F.3d at 107.

 Finally, even assuming the prosecutor's remarks were improper, Petitioner does not

allege, and the record does not evidence, that the prosecutor's statements regarding Petitioner's

credibility and guilt caused him prejudice during trial.  *See* Pet'r's *Pro Se* Hab. Pet. 10 (reverse).

Any impropriety or prejudice falls in light of the overwhelming evidence of Petitioner's guilt and

the explicit and repeated trial court instructions to the jury that the prosecution's statements did

not constitute evidence.  *See Commonwealth v. Williams*, 1589 EDA 2003, at 5 (Pa. Super. Ct.

June 13, 2005); N.T. 4/24/97 at 98.  Accordingly, this Court agrees with the state court's

determination that Petitioner failed to show that the prosecutor's statements were improper or so

38

prejudicial as to deny him the right to a fair trial.  *See Fahy*, 516 F.3d at 198.  The state court's

determination was neither contrary to nor an unreasonable application of clearly established

federal law.  *See Williams*, 529 U.S. at 391.  Therefore, this Court recommends that Petitioner's

claim I be denied.

> **6.  Ineffective assistance of appellate counsel for failure to raise trial counsel's ineffectiveness in failing to object to trial court's failure to inform Petitioner of his right to speak before sentencing.**

Petitioner asserts in Ground J that his appellate counsel was ineffective for not raising his

trial counsel's failure to object to the trial court's alleged deprivation of Petitioner's right to

allocution.  *See* Pet'r's *Pro Se* Hab. Pet. 10 (reverse).  Respondents contend that Petitioner

waived his right to appeal this issue in the state court and that Petitioner's counsel cannot be

ineffective for failing to object "where Petitioner was not entitled to allocution."  *See* Respt's

Hab. Resp. 23.  Respondents also assert that this Court is precluded from granting relief because

Petitioner's claims concerns only state law.  *See id*.

Petitioner first raised this claim on PCRA appeal which was denied.  *See Commonwealth

v. Williams*, 900 A.2d 906, 908 (Pa. Super. Ct. 2006).  On appeal, the Superior Court initially

found that Petitioner was entitled to his right to allocution because of recent binding precedent of

a defendant's absolute right to allocution.  *See Commonwealth v. Williams*, 1589 EDA 2003, at 6

(Pa. Super. Ct. June 13, 2005).  However, on rehearing en banc, the Superior Court found that

Petitioner was not entitled to allocution because any statements that Petitioner could have made

during sentencing would not have affected the trial court's mandatory sentencing guidelines of

life imprisonment for first-degree murder.  *See Commonwealth v. Williams*, 900 A.2d 906, 910-

11 (Pa. Super. Ct. 2006).  The court also found that in any case, Petitioner had waived this claim

because he failed to raise the claim at sentencing, in post-trial motions, or on direct appeal. *See id.* 909. In light of these findings, the court noted that Petitioner's ineffective assistance of trial counsel claim, and by extension his ineffective assistance of PCRA counsel claim, lacked arguable merit. *See id.* at 911.

Under 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may challenge the legality of his state incarceration, on the ground that it is, or was imposed, "in violation of laws or treaties of the United States." *See id.* It is well settled that claims asserting a violation of state law or challenging a state court's interpretation of state law, are not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("We reemphasize that it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions."); *Keller v. Larkins*, 251 F.3d 408, 416 n.2 (3d Cir 2001); *Johnson v. Rosemeyer*, 117 F.3d 104, 109 (3d Cir. 1997) ("[I]t is well established that a state court's misapplication of its own law does not generally raise a constitutional claim. The federal courts have no supervisory authority to correct wrongs of constitutional dimension."). In respect to a defendant's right to allocution, "[t]he Supreme Court has not held that criminal defendants have a constitutional right to allocution." *Shelton v. Carroll*, 464 F.3d 423, 441-42 (3d Cir. 2006) (*citing Hill v. United States*, 386 U.S. 424, 429 (1962)).

In the instant case, Petitioner relies on the deprivation of a state court law for the basis of his ineffective assistance of counsel claim. *See* Pet'r's *Pro Se* Hab. Pet. 10 (reverse). In Pennsylvania, the general right to allocution is grounded in Pennsylvania Rule of Criminal Procedure 704(C)(1), stating that "at the time of sentencing, a judge shall afford the defendant the opportunity to make a statement . . . " on his behalf before the trial audience. *Commonwealth*

*v. Williams*, 900 A.2d 906, 910 (Pa. Super. Ct. 2006).  Petitioner's claim fails precisely because this right is grounded solely in state law and does not rise to the level of a constitutional deprivation.  *See Shelton,* 464 F.3d at 441-42.  Accordingly, this is not a cognizable claim for habeas review and should be denied as such.[10]  Therefore, this Court recommends that Petitioner's claim J be denied.

     In sum, I find that counsels' performance cannot be considered ineffective or prejudicial. Accordingly, I recommend that Petitioner's Claims C, D, F, H, I, and J be denied as without merit.

### C.    Petitioner's Motion to Amend

#### 1.    Statute of Limitations

     As noted above, Petitioner filed a motion to amend his Petition for Writ of Habeas Corpus on April 24, 2010.  *See* Pet'r's Mot. to Am. Hab., Proof of Serv.  In this motion, Petitioner presents a single claim that he acknowledges he did not timely present to the state

---

    [10]  Even if Petitioner's claim was cognizable for federal habeas review, Petitioner has not shown prejudice from his trial counsel's failure to object to the trial court's failure to inform Petitioner of a non-existent right to allocution.  *See Werts*, 228 F.3d at 178, 203.  As the Superior Court stated, "there is no reasonable probability (indeed, no probability whatsoever) that the result would have been different if the court had granted [Petitioner] the right of allocution." *Commonwealth v. Williams*, 900 A.2d 906, 911 (Pa. Super. Ct. 2006).  This is so because "the trial court had no authority to impose any sentence less severe than life imprisonment."  *Id.* at 911 (*citing* 18 Pa. C.S.A. § 1102(a)).  Any objection by Petitioner's trial counsel as to Petitioner's right to allocution, therefore, would have been meritless and thus his trial counsel could not have been constitutionally ineffective under *Strickland*.  *See Werts*, 228 F.3d at 178, 203.  Accordingly, the state court's determination that Petitioner failed to raise a claim warranting relief would not have been contrary to or an unreasonable application of clearly established federal law.  *See id.* at 178, 203.

41

courts and that would be procedurally barred.[11]  *See* Pet'r's Mot. to Am. Hab. 2, 16.  However, Petitioner asserts that this Court should review his claim on the merits because he is actually innocent.  *Id.* at 16.  Respondents argue that Petitioner is not entitled to habeas relief based upon this new claim because it is time-barred by the AEDPA's one year statue of limitations, it does not relate back to Petitioner's original claims, and it "plainly lacks merit."  *See* Resp. 1, 3-4.  In his Reply, Petitioner reiterates his actual innocence and urges this Court to prevent a fundamental miscarriage of justice.  *See* Pet'r's Reply 1.  Petitioner does not persuade this Court for the following reasons.

The instant petition is governed by the AEDPA.  *See* 28 U.S.C. 2241 § *et seq.*  A strict one-year time limitation on the filing of new petitions is set forth in the AEDPA.  Under § 2244(d)(1), the AEDPA provides that a one year statute of limitations applies to all petitions pursuant to § 2254, which begins to run the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

---

[11]  Petitioner's motion to amend raises the following claim:

    (1)    Ineffective assistance of appellate counsel for failing to raise trial counsel's ineffectiveness for failing to object and/or move for a mistrial because of the jury's inconsistent verdict.

*See* Pet'r's Mot. to Am. Hab 2.

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The AEDPA creates a tolling exception, which states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

In the instant case, the applicable starting point for the statute of limitations is the "conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal on January 8, 2001.  *Commonwealth v. Williams*, No. 575 E.D. Alloc. Dkt. 2000, at 1 (Pa. Jan. 8, 2001).  Petitioner did not file a petition for writ of certiorari with the Supreme Court of the United States.  *Id.*  Therefore, Petitioner's judgment of sentence became final on April 8, 2001.  *See* Sup. Ct. R. 13(1) (petitioners have ninety (90) days to file a petition for a writ of certiorari); *see also Reid v. Beard*, No. 04-2924, 2009 WL 2876206, at *17 (*citing Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999)).  Consequently, Petitioner had one year from that date, or until April 8, 2002, to file his habeas petition.  28 U.S.C. § 2244(d)(1).

However, on December 18, 2001 – 253 days into the statute of limitations – Petitioner filed a timely PCRA petition.  *See* Pet'r's *Pro Se* PCRA Pet.  Because this petition was filed in accordance with Pennsylvania's procedural requirements, it is considered a properly filed

43

application for state post-conviction relief, which tolls the one year limitation period.  *See* U.S.C.

§ 2244(d)(2) ("The time during which a properly filed application for State post-conviction

[review] . . . is pending shall not be counted toward any period of limitation under this

subsection."); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is '*properly* filed'

when its delivery and acceptance are in compliance with the applicable laws and rules governing

filings").  Such petition is considered "pending" within the meaning of § 2244(d)(2) during the

time a state prisoner is pursuing his state post-conviction remedies, including the time for

seeking discretionary review of any court decisions whether or not such review was actually

sought.  *See Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000).  However, the time during

which a state prisoner may petition for a writ of certiorari from the denial of a state collateral

petition in the Supreme Court of the United States does not toll the AEDPA's statutory period.

*Stokes v. Dist. Attorney of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

    In this case, the Supreme Court of Pennsylvania denied allocatur regarding Petitioner's

PCRA petition on January 30, 2007.[12]  *See Commonwealth v. Williams*, No. 300 EAL 2006, at 1

(Pa. Jan. 30, 2007).  The AEDPA's statute of limitations began to run again on January 31, 2007.

---

[12]  On March 28, 2007, Petitioner refiled his second PCRA petition.  *See* Pet'r's *Pro Se*
Second PCRA Pet.  This petition was deemed untimely and thus, was not "properly filed."  *See*
28 U.S.C. § 2254(d)(2) (the time during which a "properly filed application" for state conviction
review is pending shall not be counted toward the one (1) year limitation); *see Artuz*, 531 U.S. at
8 ("an application is 'properly filed' when its delivery and acceptance are in compliance with the
applicable laws and rules governing filings" such as "the form of the document, the time limits
upon its delivery, the court and office in which it must be lodged, and the requisite filing fee").
Therefore, the time during which the second, untimely petition was pending does not impact this
Court's calculations regarding the AEDPA's one (1) year limitation period.

*See Stokes*, 247 F.3d at 542.  At this point, Petitioner had 112 days remaining, or until May 23, 2007, to file a timely § 2254 petition.

Petitioner timely filed his original habeas petition on February 13, 2007.  *See* Pet'r's *Pro Se* Hab. Pet. 12.   Filing a habeas petition, however, does not toll the AEDPA's statute of limitations.  *See Rhines*, 544 U.S. at 274-75 ("[T]he filing of a petition for habeas corpus in federal court does not toll the [AEDPA's one year] statute of limitations") (*citing Duncan v. Walker*, 533 U.S. 167, 181-82 (2001)).  Thus, the statute of limitations continued to run, leaving Petitioner with eighty-six (86) days remaining to file any amendments.  However, Judge Green issued a stay and abeyance of Petitioner's habeas petition on March 29, 2007 – pending the resolution of what was eventually deemed an untimely second PCRA petition.  *See Williams v. Patrick*, No. 07-cv-0776 (E.D. Pa. Mar. 29, 2007).  This tolled the AEDPA's statute of limitations until June 14, 2010, when this Court granted Petitioner's Motion to Lift the Stay of his federal habeas petition.  *See Rhines*, 544 U.S. at 274.  The AEDPA's statute of limitations began to run again on this date.  *See id.*  At this point, Petitioner had fifty-five (55) days remaining, or until August 9, 2010, to amend his habeas petition.

This Court granted Petitioner allowance to amend his habeas petition on September 22, 2011.  *Williams v. Patrick*, No. 07-0776 (E.D. Pa. Sept. 22, 2011).  However, the new claim contained within Petitioner's Motion to Amend (i.e., claim N) was first asserted in this Court on April 24, 2011 – over eight (8) months after the AEDPA's statutory period had expired.  Petitioner does not assert that there has been an impediment to filing his habeas petition which was caused by state action, that his petition involves a right which was newly recognized by the Supreme Court of the United States, or that there are new facts which could not have been

previously discovered.  *See* 28 U.S.C. § 2244(d)(1)(B)-(D).  Therefore, this Court is barred from

considering claim N, unless the claim is subject to equitable tolling or the relation back doctrine.

### (a)    Equitable Tolling

The Supreme Court of the United States has decided that "the timeliness provision in the

federal habeas corpus statute is subject to equitable tolling."  *Holland v. Florida*, __ U.S. __, 130

S. Ct. 2549, 2554 (2010).  However, equitable tolling should be used sparingly, "'only when the

principle of equity would make the rigid application of a limitation period unfair.'"  *Merritt v.*

*Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (*quoting Fahy*, 240 F.3d at 244; *see also Pabon v.*

*Mahonoy*, 654 F.3d 385, 399 (3d Cir. 2011) (*quoting Jones v. Morton*, 195 F.3d 153, 159 (3d

Cir. 1999)).  Accordingly, the Supreme Court has stated that a litigant invoking the doctrine of

equitable tolling bears the burden of establishing two elements: "'(1) that he has been pursuing

his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

prevented timely filing."  *Holland*, 130 S. Ct. at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S.

408, 418 (2005)); *see also Williams v. Beard*, 300 Fed. Appx. 125, 129 n.6 (3d Cir. 2008).

Courts are instructed to take each petitioner's particular circumstances into account and to avoid

the rigid application of precedent.  *Pabon*, 654 F.3d at 399 (*citing Holland*, 130 S. Ct. at 2563).

The Third Circuit has offered further guidance on the doctrine of equitable tolling,

recognizing several narrow instances in which equitable tolling may be applied.  *See Jones*, 195

F.3d at 159.  These instance include: (1) if the defendant has actively misled the plaintiff; (2) if

the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the

plaintiff has timely asserted his rights mistakenly in another forum.  *See id.* (internal quotation

marks omitted) (*citing United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)).  The Third

Circuit has also described other narrow instances, such as where the plaintiff "received inadequate notice of her right to file suit, where a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that she has done everything required of her." *See id.* (*quoting Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999)). Such narrow instances, however, do not include a "[l]ack of understanding or knowledge of the law." *See Bowan v. Palakovich*, No. 06-3378, 2012 WL 383663, at *5 (E.D. Pa. Jan. 26, 2012) (*citing Jones*, 195 F.3d at 160). For "[t]he law is clear that courts must be sparing in their use of equitable tolling." *Jones*, 195 F.3d at 160 (*quoting Seitzinger*, 165 F.3d at 239). Ultimately, "'a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interest of justice.'"[13] *Id.* (*quoting Midgley*, 142 F.3d at 179).

Petitioner did not present evidence that he was misled by the government; that he mistakenly asserted his rights in another forum; that he was prevented in some way from pursuing his rights; or that he received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or the court has misled him into believing that he had done everything required of him. *See Jones*, 195 F.3d at 159. Rather, Petitioner asserted that until

---

[13] As noted above, Petitioner asserted for the first time that he is actually innocent in his Motion to Amend. *See* Pet'r's Mot. to Am. Hab. 16. The Third Circuit has yet to decide if actual innocence is an extraordinary circumstance that warrants equitable tolling. *See United States v. Andrews*, No. 10-2088, 2012 WL 641922, at *3 (3d Cir. Feb. 29, 2012) (*citing McKeever v. Warden SCI-Graterford*, 486 F.3d 81, 84 n.5 (3d Cir. 2007)); *Teagle v. Diguglielmo*, 336 Fed. Appx. 209, 212 (3d Cir. 2009) (The Third Circuit "has not yet decided whether a claim of actual innocence may equitably toll the AEDPA's statute of limitations") (*citing McKeever*, 486 F.3d at 84 n.5). Nonetheless, even assuming that actual innocence warrants equitable tolling, for the same reasons as discussed above, Petitioner cannot demonstrate he is actually innocent.

recently he did not know the "verdicts were inconsistent" under the law.  *See* Pet'r's Reply 3-4.

A lack of knowledge concerning the law, however, does not justify equitable tolling.  *See Jones*,

195 F.3d at 160.  Accordingly, this Court finds this matter is not one of the rare situations that

warrants the use of equitable tolling.  *See Schlueter v. Varner*, 384 F.3d 69, 76-78 (3d Cir. 2004).

### (b)    Relation Back Doctrine

Having concluded that claim N is barred by the AEDPA's one year statute of limitations,

the only way in which this claim may be reviewed is if it relates back to Petitioner's timely filed

petition.[14]  Under Federal Rule of Civil Procedure 15(c)(1)(B), a party may raise a new claim that

would have been barred by the statute of limitations if the claim "arose out of the conduct,

transaction, or occurrence set out – or attempted to be set out – in the original pleading."  *See*

Fed. R. Civ. P. 15(c)(1)(B).  In discussing what constitutes "conduct, transaction, or occurrence"

in the context of a habeas petition, the Supreme Court has stated that "[s]o long as the original

and amended petitions state claims that are tied to a common core of operative fact, relation back

will be in order."  *Mayle*, 545 U.S. at 664; *Hodge v. United States*, 554 F.3d 372, 378 (3d Cir.

2009).  However, an amended petition "does not relate back (and therefore escape the AEDPA's

one-year time limit) when it asserts a new ground for relief supported by facts that differ in both

time and type from those the original pleading set forth."  *Mayle*, 545 U.S. at 650; *Hodge*, 554

F.3d at 378.

In *Mayle*, the petitioner was convicted of first degree murder and second degree robbery,

and sentenced to life in prison.  *See Mayle*, 545 U.S. at 648.  The petitioner filed a timely *pro se*

---

[14]  The Federal Rules of Civil Procedure apply to amendments to petitions for writ of habeas corpus.  *See Mayle v. Felix*, 545 U.S. 644, 654-55 (2005).

habeas petition alleging, "*inter alia*, that the admission into evidence of videotaped testimony of a witness for the prosecution violated his rights under the Sixth Amendment's Confrontation Clause." *Id.* at 648. This claim concerned the admission of a videotaped statement made by a witness (i.e., Mr. Kenneth Williams) during a jailhouse interview. *Id.* at 650. Five months after the expiration of the AEDPA's statute of limitations, the petitioner filed an amended petition asserting that "in the course of pretrial interrogation, the police used coercive tactics to obtain damaging statements from him, and that admission of those statements at trial violated his Fifth Amendment right against self-incrimination." *Id.* at 648-49. This claim rested upon the admission of a statement made by the petitioner during a pretrial interrogation by police. *Id.* at 650. The Supreme Court held that the new claim contained in the amended petition was untimely and did not relate back because "it assert[ed] a new ground for relief supported by facts that differ in both time and type from those the original pleadings set forth." *See id.* at 650. The Court noted that the claims "targeted separate episodes, the pretrial police interrogation of witness Williams in his original petition and his own interrogation at a different time and place in his amended petition."[15] *Id.* at 660. The Court thus held that the new claim did not relate back

---

[15] The Supreme Court in *Mayle* distinguished *Tiller v. Atlantic Coast Line R. Co.*, 323 U.S. 574 (1945). *See Mayle*, 545 U.S. at 659. In *Tiller*, the plaintiff initially alleged various negligence claims against the defendant after her husband was struck and killed by a railroad car. *Id.* (citing *Tiller*, 323 U.S. at 580-81). Later, the plaintiff sought to amend the complaint to add a claim "under the Federal Boiler Inspection Act to provide the train's locomotive with a rear light." *Id.* (citing *Tiller*, 323 U.S. at 580-81). The Supreme Court permitted the amendment even though it "invoked a legal theory not suggested by the original complaint and relied on facts not originally asserted." *Id.* The Supreme Court in *Mayle* stated that the amendment was permitted because "[t]here was but one episode-in-suit in *Tiller*, a worker's death attributed from the state of the railroad's failure to provide its employee with a reasonable safe place to work." *Id.* at 660. In contrast, the petitioner in *Mayle* targeted separate episodes – the police interrogation of the witness in his original petition and his own interrogation in the amended

because it did not arise from the common core of operative facts.  *Id.* at 664.  In doing so, the Court rejected the Ninth Circuit's expansive application of the relation back doctrine to claims arising from the same trial, conviction, or sentence.  *Id.* at 664.

The Third Circuit has held that an amendment to a habeas petition can be permitted if it seeks to clarify a claim initially made.  *See Hodge*, 554 F.3d at 377-78; *see United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999).  However, where a petitioner attempts to raise "an entirely new claim or theory of relief" after the statue of limitations has expired, the court should deny such amendments.  *See United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000).  Here, Petitioner's amendment must be "tied to a common core of operative facts" with the original habeas claim in order to relate back.  *See Hodge*, 554 F.3d at 377-78 (*citing Mayle*, 545 U.S. at 664 (claims do not relate back on the mere basis that they share the same "trial, conviction, or sentence")).

Underlying Petitioner's amended claim is his trial counsel's failure to "object to and/or move for a mistrial when the jury rendered its inconsistent verdict."  *See* Pet'r's Mot. to Am. Hab. 2.  Petitioner asserts that the jury's verdict was inconsistent for finding his Co-Defendant guilty of third-degree murder and Petitioner guilty of first-degree murder based on the same set of facts.  *See id.* at 3-8.  Petitioner contends, therefore, that his appellate counsel was ineffective for not raising his trial counsel's failure to contest the inconsistent verdict.  *See* Pet'r's Mot. to Am. Hab. 2.

---

petition.  *Id.*

Petitioner's new claim differs in time and type from the grounds of relief Petitioner raised in his original habeas petition.  *See Mayle*, 545 U.S. at 644.  Petitioner raised ten grounds for ineffective assistance of counsel in his original habeas.  *See* Pet'r's *Pro Se* Hab. Pet. 5-12.  However, none of these grounds discuss the jury's "inconsistent verdict."  *See id.*  Petitioner does not assert that his new claim relates back to his original habeas petition, but rather acknowledges that until recently he was unaware that "the verdicts were inconsistent" under the law.  *See* Pet'r's Reply 3-4.  A recent revelation, however, does not relate back absent a common core of operative of facts between the amended and original habeas claims.  *See Hodge*, 554 F.3d at 377-78.  The facts supporting this new claim of ineffective assistance of counsel differ in both time and type from those claims presented in Petitioner's habeas petition.  *Mayle*, 545 U.S. at 644.  Thus, Petitioner's new claim does not relate back and is untimely.


IV.     **CONCLUSION**

For all the foregoing reasons, I respectfully recommend that Petitioner's petition for writ of habeas corpus be **DENIED**.

Therefore, I respectfully make the following:

**RECOMMENDATION**

_____AND NOW, this __26th__ day of April, 2012, IT IS RESPECTFULLY RECOMMENDED

that the Petition for Writ of Habeas Corpus be DENIED.  There has been no substantial showing

of the denial of a Constitutional right requiring the issuance of a certificate of appealability.

Petitioner may file objections to this Report and Recommendation.  See Local Civ. R.

72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

_/s/ Lynne A. Sitarski_____
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE