IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JERMAINE WILLIAMS            :     CIVIL ACTION
                             :
      v.                     :
                             :
GEORGE PATRICK, et al.       :     No. 07-776

MEMORANDUM

McLaughlin, J.                              June 2, 2014

          The petitioner, Jermaine Williams, is currently
serving a life sentence in Pennsylvania for his state conviction
for first-degree murder.  Williams has filed a motion, pursuant
to Federal Rule of Civil Procedure 60(b), to reopen the Court's
August 17, 2012 order denying his petition for a writ of habeas
corpus.  Williams argues that the Court was erroneous in
concluding that four of his claims were procedurally defaulted
and that the Court misapplied the federal statute of limitations
to four of his other claims.  For the following reasons, the
Court will now deny Williams's motion pursuant to Rule 60(b).


I.   Background

          In 1997, Williams was convicted, by a jury, of first-
degree murder.  The Pennsylvania state courts, through both
direct review and collateral review pursuant to the Pennsylvania
Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541,
et seq., upheld his conviction.

On February 26, 2007, Williams filed a pro se petition seeking federal habeas relief.  On March 28, 2007, however, Williams filed a second PCRA petition alleging newly discovered evidence.  Williams's habeas petition was accordingly stayed on March 29, 2007, pending the resolution of the second PCRA petition.  The second PCRA petition was ultimately dismissed as untimely, and that decision was affirmed on appeal in the Pennsylvania state courts.

This Court granted Williams's motion to lift the stay of his federal habeas petition on June 14, 2010.  The habeas petition asserted the following claims relevant to this motion:

(1) Ineffective assistance of trial counsel for the failure to:

    (a) Request or secure funds for the retention of a fingerprint expert, who would review a handgun and ammunition magazine found near the scene of the crime (Ground A); and

    (b) Investigate the origins of the handgun found near the scene of the crime (Ground B).

(2) Ineffective assistance of appellate counsel for the failure to:

    (a) Challenge, on the basis of error or abuse of discretion, the trial court's admission of alleged hearsay testimony over trial counsel's objections (Ground E); and

    (b) Raise trial counsel's ineffectiveness in failing to object to alleged prosecutorial misconduct alleging, during summation to the jury, that the petitioner's defense counsel used the right to discovery to present false testimony (Ground G).

(3)   Commonwealth committed reversible error by using the "knowingly perjured testimony" of Officer Fox, who the petitioner claims lied about having used a "macro light" and a "fingerprint glass" to examine the handgun found near the scene of the crime for identifiable fingerprints (Ground K).

(4)   Commonwealth violated <u>Brady v. Maryland</u>, 43 U.S. 83 (1963), by failing to disclose the results of Officer Fox's examination of the handgun by "macro light" and "fingerprint glass" (Ground L).

(5)   Commonwealth denied the petitioner his rights to confrontation, due process, and the presentation of a complete defense by withholding evidence concerning an I.A.D. investigation into Officer Fox's testimony in an unrelated matter (Ground M).

(6)   Ineffective assistance of appellate counsel for failing to raise trial counsel's ineffectiveness for failing to object and/or move for a mistrial because of the jury's inconsistent verdict (Ground N, raised in the petitioner's motion to amend his habeas petition).

United States Magistrate Judge Lynne A. Sitarski filed a Report and Recommendation ("R&R") on April 26, 2012 (Docket No. 45), recommending that the Court find Grounds K, L, and M procedurally defaulted for failure to comply with Pennsylvania statute 42 Pa. Cons. Stat. § 9545(b), and Grounds A, B, E, and G procedurally defaulted for failure to comply with Pennsylvania Rule of Appellate Procedure 2119.  The R&R also recommended that the Court find Ground N untimely under the federal statute of limitations, 28 U.S.C. § 2244(d).

By order dated August 17, 2012, this Court approved and adopted the R&R and denied the habeas petition (Docket No.

50).  This Court also denied the petitioner's request for a
certificate of appealability.  Williams appealed, but the Third
Circuit denied his request for a certificate of appealability on
February 12, 2013:

> [F]or substantially the same reasons given by the
> District Court, we conclude that jurists of reason
> would not debate that Appellant has failed to make a
> "substantial showing of the denial of a constitutional
> right."  28 U.S.C. § 2253(c)(2).  Furthermore,
> reasonable jurists would not debate the District
> Court's procedural ruling regarding Appellant's claims
> of prosecutorial misconduct.

Order, Williams v. Patrick, No. 12-3608 (3d Cir. Feb. 12, 2013)
(Docket No. 55) (citations omitted).

Williams filed his Rule 60(b) motion on January 27,
2014 (Docket No. 57).  Williams argues that the Court was
incorrect in finding Grounds A, B, E, and G procedurally
defaulted because the Court should not have concluded that
Pennsylvania Rule of Appellate Procedure 2119 is an independent
and adequate state procedural ground precluding federal habeas
review.  Second, Williams argues that the Court incorrectly
dismissed his newly discovered evidence claims in Grounds K, L,
and M on statute of limitations grounds.[1]  Lastly, Williams
argues that his claim under Ground N should be entitled to an

---

[1] The Court did not, in fact, deny those claims on federal
statute of limitations grounds.  Rather, the Court concluded
that those claims were procedurally defaulted because the
Pennsylvania state courts had held those claims to be untimely
in ruling on Williams's second PCRA petition.  R&R at 11-22.

exception from the one-year statute of limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), pursuant to the Supreme Court's decision in McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). McQuiggin held that a claim of actual innocence, if proven, provides an equitable exception to the one-year statute of limitations. 133 S. Ct. at 1928.

II. Discussion

    A. Second or Successive Habeas Petition

        The Court concludes that Williams's Rule 60(b) motion is not a second or successive habeas petition. In those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when a Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion is treated as a successive habeas petition. Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004).

        Here, Williams challenges the Court's conclusions that some of his claims were procedurally defaulted and presents arguments regarding the propriety of the Court's application of

5

the AEDPA statute of limitations in light of <u>McQuiggin</u>.  Those claims attack the manner in which his habeas petition was dismissed, and thus his motion is properly treated as a Rule 60(b) motion rather than a second or successive habeas petition.

      B.   <u>Rule 60(b) Motion Standard</u>

      Rule 60 regulates the procedures by which a party may obtain relief from a final order or judgment.  Subsection (b) states the grounds for relief from a final order or judgment, which include:  (1) mistake, inadvertence, surprise, or inexcusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; and (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b). Williams cites Rule 60(b)(1) and (6) in support of his motion.

      At the outset, the Court must decide whether it has jurisdiction to rule on Williams's Rule 60(b) motion.  The Third Circuit has held that, when reviewing a Rule 60(b) motion brought following an appeal, district courts are "without

jurisdiction to alter the mandate of this court on the basis of matters included or includable in [the party's] prior appeal." Seese v. Volkswagenwerk, A.G., 679 F.2d 336, 337 (3d Cir. 1982). "[T]he Supreme Court's denial of certiorari ended this litigation, and the case was not sub judice when the defendants made their rule 60(b)(6) motion."  Id.[2]

A Rule 60(b) motion based on matters that were before the Court on appeal may not be reviewed subsequently by the district court, whereas a Rule 60(b) motion based on matters that came to light after the appellate court has issued a decision properly may be reviewed by the district court.  See Bernheim, 144 F. App'x at 222; see also Resyn Corp. v. United States (In re Resyn Corp.), 945 F.2d 1279, 1281-82 (3d Cir. 1991) (holding that issues raised but not reached on a prior

_____

[2] The Seese court reconciled this holding with the Supreme Court's decision in Standard Oil v. United States, 429 U.S. 17 (1976), by explaining:

> In that case the Supreme Court held that a district court could consider a rule 60(b) motion to reopen a case, which had been appealed, without seeking leave of the appellate court to recall its mandate.  The Court stated that, "the appellate mandate relates to the record and issues then before the court, and does not purport to deal with possible later events. Hence, the district judge is not flouting the mandate by acting on the motion." Id. at 18.  In the present case, however, the basis of the rule 60(b)(6) motion was before this court and the Supreme Court, and thus could not be considered by the district court.

679 F.2d at 337 n.1; see also Bernheim v. Jacobs, 144 F. App'x 218, 222 (3d Cir. 2005).

appeal are not within the law of the case doctrine); Habecker v.
Clark Equip. Co., 942 F.2d 210, 218 (3d Cir. 1991) (stating that
a district court may enter any order or reach any decision so
long as it was neither disposed of by an earlier district court
order and not pursued on appeal, nor disposed of by the
appellate court's mandate in the earlier appeal).

To the extent that the Court can construe Williams's
arguments as outside the scope of the issues includable in his
application for a certificate of appealability before the Third
Circuit, the Court analyzes those claims below, for
completeness.[3]  Williams's arguments under McQuiggin, however,
certainly would not have been available at the time of his

---

[3] On the final page of his application for a certificate of
appealability before the Third Circuit, Williams states the
following:

> Finally, Petitioner argues that even if claims 6,
> 8, 9, 10, 11 and 12 are procedurally defaulted, the
> District Court should have addressed their merits
> because he established "cause and prejudice" to
> overcome any default.  To demonstrate cause for
> procedural default, the petitioner must show that
> "some objective factor external to the defense impeded
> counsel's efforts to comply with the State's
> procedural rule." Murray v. Carrier, 477 U.S. 478
> (1986).  Here, Petitioner once more turns to the
> defective performance of his prior counsel.

The claims mentioned in this paragraph correspond to Grounds E,
G, K, L, M, and N, but do not include Grounds A and B, also at
issue here.  Furthermore, the Court did not deny the habeas
petition with regard to Ground N on procedural default grounds.

appeal because that case was decided after the Third Circuit
denied his application.


   C.   Rule 60(b)(1) Motion

        Rule 60(b)(1) allows relief from a judgment for
"mistake, inadvertence, surprise, or excusable neglect."  A
motion under Rule 60(b) must be made "within a reasonable time—
and for reasons (1), (2), and (3) no more than a year after the
entry of the judgment or order or the date of the proceeding."
Fed. R. Civ. P. 60(c)(1).  Williams filed his motion on January
27, 2014, over seventeen months after the Court denied his
habeas petition.[4]

        On the merits, a federal court may relieve a party
from a final judgment or order under Rule 60(b)(1) for reasons
of mistake.  As contrasted with Rule 60(a)'s applicability to
mistakes of a clerical nature, Rule 60(b)(1) is concerned with
mistakes of a substantive nature.  Stradley v. Cortez, 518 F.2d
488, 493 (3d Cir. 1975).

        The Third Circuit has not yet decided, in any
precedential decision, whether legal error may be characterized

---

[4] Williams concedes, in his reply brief, that his claims are
likely to be found untimely:  "In the instant case, Petitioner's
claims for relief may be considered untimely on their face.  But
as justice requires, a closer look would compel this Court to
consider them on the specific set of circumstances that surround
this case."  Pet.'s Reply Br. at 2.

as a "mistake" within the meaning of Rule 60(b)(1).  See Bernheim, 144 F. App'x at 221-23; Hooten v. Greggo & Ferrara Co., No. 10-776, 2013 WL 5272366, at *1 (D. Del. Sept. 18, 2013), aff'd, No. 13-4061, 2014 WL 1057266 (3d Cir. Mar. 19, 2014); In re New Century TRS Holdings, Inc., No. 07-10416, 2013 WL 1680472, at *1 (D. Del. Apr. 17, 2013), aff'd, 544 F. App'x 70 (3d Cir. 2013).

The Third Circuit has noted that "some courts have held that legal error without more cannot be corrected under Rule 60(b)," while other courts "have held that legal error may be characterized as 'mistake' within the meaning of Rule 60(b)(1), but only where the motion is made . . . within the time allowed for appeal."  Holland v. Holt, 409 F. App'x 494, 497 n.4 (3d Cir. 2010) (alteration in original) (quoting Page v. Schweiker, 786 F.2d 150, 154-55 (3d Cir. 1986)).

In a nonprecedential opinion, the Third Circuit stated that "with respect to legal error and Rule 60(b)" recent decisions "appear[ ] to foreclose this argument" that legal error could be addressed under Rule 60(b)(1).  "At most . . . legal error could be addressed under Rule 60(b)(1) if a motion is made before the time for appeal has run."  James v. V.I. Water & Power Auth., 119 F. App'x 397, 401 (3d Cir. 2005), quoted in Johnson v. Lachman, No. 12-2461, 2013 WL 2434609, at *1 (E.D. Pa. June 5, 2013).

Nonetheless, legal error, without more, cannot justify granting a Rule 60(b) motion. *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988); *see also Ibarra v. W.Q.S.U. Radio Broad. Org.*, 218 F. App'x 169, 170 (3d Cir. 2007); *Peterson v. Brooks*, No. 07-2442, 2007 WL 2306589, at *4 (E.D. Pa. Aug. 9, 2007) ("Petitioner's first argument—that the Court erred in ruling that petitioner's claims were procedurally defaulted—is not properly construed as a 'mistake' under Rule 60(b)(1), or as ground for relief under Rule 60(b)(6).").

The petitioner's arguments that this Court erred in concluding that four of his claims were procedurally defaulted and that the Court misapplied the federal statute of limitations to find four of his other claims untimely are not properly raised as a "mistake" under Rule 60(b)(1). Thus, not only is his Rule 60(b)(1) motion untimely, but the Court also finds that Williams has shown no mistake under Rule 60(b)(1).

D.   Rule 60(b)(6) Motion

The Rule 60(b)(6) catchall provision allows relief for "any other reason that justifies relief." Although motions under Rule 60(b)(6) must be brought "within a reasonable time," the Third Circuit has stated that the timing of the motion under Rule 60(b)(6) "may not be used as a catchall to avoid the one-year limitation." *Gambocz v. Ellmyer*, 438 F.2d 915, 917 (3d

Cir. 1971).  A motion filed under Rule 60(b)(6) more than one year after final judgment is generally untimely unless "exceptional circumstances" justify the delay.  United States v. Martinez-Hernandez, No. 98-273, 2012 WL 6061126, at *2 (E.D. Pa. Dec. 6, 2012) (citing Ackerman v. United States, 340 U.S. 193, 202 (1950); see also Gordon v. Monoson, 239 F. App'x 710, 713 (3d Cir. 2007).

In order to obtain relief under Rule 60(b)(6), a petitioner must show the existence of "extraordinary circumstances."  Gonzalez v. Crosby, 545 U.S. 524, 535 (2005); Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008). "Such circumstances will rarely occur in the habeas context." Gonzalez, 545 U.S. at 535.  A showing of extraordinary circumstances involves a showing that without relief from the judgment, "an 'extreme' and 'unexpected' hardship will result." Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977).

To the extent that Williams is arguing that the Court's alleged errors are "extraordinary circumstances" that justify relief under Rule 60(b)(6), that argument fails. "[L]egal error does not by itself warrant the application of Rule 60(b).  The correction of legal errors committed by the district courts is the function of the Courts of Appeals.  Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule

60(b)(6)." Martinez-McBean v. Gov't of V.I., 562 F.2d 908, 912 (3d Cir. 1977), quoted in Pridgen, 380 F.3d at 728.

To the extent that Williams is arguing that the Supreme Court's decision in McQuiggin is an intervening change in the law that justifies relief under Rule 60(b)(6), that argument is also unavailing. McQuiggin held that a state prisoner filing a first federal habeas petition may use a claim of actual innocence as a basis for invoking the equitably based miscarriage of justice exception to overcome the one-year statute of limitations for filing a federal habeas petition. 133 S. Ct. at 1934.

"Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Agostini v. Felton, 521 U.S. 203, 239 (1997). The Supreme Court has held that a change in decisional law based on interpretation of the habeas statute of limitations did not constitute an extraordinary circumstance under Rule 60(b)(6) because the lower court had applied the prevailing interpretation at that time. See Gonzalez, 545 U.S. at 536 (finding it was "hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation").

To the extent that McQuiggin reflects a different interpretation of the federal habeas statute of limitations

relative to the precedent at the time of the dismissal of
Williams's habeas petition prior to McQuiggin, McQuiggin does
not constitute extraordinary circumstances justifying Rule
60(b)(6) relief.  See Akiens v. Wynder, No. 06-5239, 2014 WL
1202746, at *3 (E.D. Pa. Mar. 24, 2014) (citing cases).
McQuiggin was decided sixteen years after the conviction and
sentence that Williams is challenging and over nine months after
this Court dismissed Williams's habeas petition; it is a classic
example of a legal development occurring after a valid final
judgment.  Id. at *2.  Thus, Williams has not shown that he is
entitled to relief under Rule 60(b)(6).


     E.   Merits of the Petitioner's Arguments

     Notwithstanding the Court's ruling that the petitioner
has not sufficiently shown that he is entitled to Rule 60(b)
relief, the Court addresses the substantive arguments presented
by the petitioner.  Even confronting the petitioner's claims on
the merits, the Court concludes that its earlier decision should
not be reconsidered.


     1.   Grounds A, B, E, and G and Arguments Regarding
        Independent and Adequate State Law Grounds

     Williams argues that the Court erred in concluding
that Pennsylvania Rule of Appellate Procedure 2119 is an

independent and adequate state law ground that results in a procedural default of Grounds A, B, E, and G of Williams's petition.  Mot. ¶¶ 11-14.

This Court, through adoption of the R&R, concluded that "[a]lthough the Superior Court did not specifically cite Rule 2119, it is clear from the Superior Court's reasoning that Petitioner's claims were not reviewed for a failure to comply with Pa. R.A.P. 2119."  R&R at 14 n.4.  In relevant part, Rule 2119 states, "The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa. R. App. P. 2119(a) (emphasis added).  This Court went on to conclude that Rule 2119 is an independent and adequate state procedural ground precluding habeas review.  Id. at 15-16.

Williams argues that he "filed" his claims in state court in 1999 and 2001, and so they should not have been procedurally defaulted under a rule that courts have recognized as an independent and adequate state law ground since 2004. Mot. ¶ 13; Pet.'s Reply Br. at 3.  Williams challenges the statement from the R&R that "[t]he federal courts have recognized since at least 2004 that the dismissal of an insufficiently articulated claim under Rule 2119 was an

independent and adequate state law ground that constituted procedural default in a federal habeas proceeding." R&R at 15 (quoting <u>Pettit v. Coleman</u>, No. 08-1225, 2011 WL 4433162, at *5 (W.D. Pa. Sept. 21, 2011)). Williams argues that Rule 2119 was not an independent and adequate state law ground prior to 2004, when he was litigating his claims on these issues. Mot. ¶ 14.

Generally, federal courts will not consider an issue raised in a habeas petition if it was rejected by a state court and "the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." <u>Lee v. Kemna</u>, 534 U.S. 362, 375 (2002) (alteration in original) (emphasis omitted) (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991)). The state law ground may be a substantive rule dispositive of the case or a procedural barrier to adjudication of the claim on the merits. <u>Walker v. Martin</u>, 131 S. Ct. 1120, 1127 (2011). The Court looks to the face of the opinion to determine if the state court "clearly and expressly" states that it relied on a state ground separate from the federal issues. See <u>Munchinski v. Wilson</u>, 694 F.3d 308, 333 (3d Cir. 2012) (quoting <u>Coleman</u>, 501 U.S. at 733). To qualify as an "adequate" procedural ground, a state rule must be "firmly established and regularly followed." <u>Walker</u>, 131 S. Ct. at 1127 (quoting <u>Beard v. Kindler</u>, 558 U.S. 53, 60-61 (2009)); <u>Rolan v. Coleman</u>, 680 F.3d 311, 317 (3d Cir. 2012).

The current version of Rule 2119(a) has been in place since at least 1980, which is long before Williams's original conviction in 1997.  The doctrine of waiver incorporated in that rule has been followed since before Williams's conviction as well.  The Pennsylvania Supreme Court has provided that "[w]here an appellate brief fails to provide any discussion of a claim with a citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claims is waived."  Commonwealth v. Johnson, 985 A.2d 915, 924 (Pa. 2009); see also Commonwealth v. Jackson, 431 A.2d 944, 945 n.1 (Pa. 1981) (stating that a party's failure to properly address each claim within an appellate brief violates Rule 2119(a) and thus "waives consideration of the claim").

Although this Court cited cases from 2004 onward, and one district court stated that Rule 2119 has been recognized as an independent and adequate state law ground since 2004, there are also cases in this district before 2004 that apply Rule 2119 in the habeas context to find that certain claims are procedurally defaulted.

In Feighery v. Larkins, No. 97-6876, 1998 WL 34371756 (E.D. Pa. July 22, 1998), the Court discussed how the Pennsylvania Superior Court concluded that the petitioner had waived his seventh habeas claim pursuant to Rule 2119(a) "since that issue had not been appropriately developed."  Id. at *3.

The district court cited a passage from <u>Coleman v. Thompson</u> that when "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate" cause and prejudice or a fundamental miscarriage of justice.  <u>Id.</u> (quoting 501 U.S. at 750).  The district court concluded that the petitioner procedurally defaulted his seventh habeas claim, did not demonstrate cause or prejudice as a result of the alleged violations of federal law, and did not demonstrate that the failure to consider his claims would result in a fundamental miscarriage of justice. Accordingly, the district court concluded that "habeas review of petitioner's . . . seventh claim[] is barred."  <u>Id.</u> at *4.

Although the district court did not state explicitly that Rule 2119 is an independent and adequate state law ground, the court's analysis applied Rule 2119 under that standard. Given the longstanding application of the waiver rule in Pennsylvania state courts, and the recognition of that rule in the federal habeas context as early as 1998, the Court is not persuaded that its conclusion that Rule 2119 is an independent and adequate state law ground is in error.

Finally, Williams argues that "Rule 2119 was discretionary and not always applied."  Pet.'s Reply Br. at 3. Williams filed a supplemental response that included pre-2004

18

cases where the Pennsylvania Supreme Court considered merits arguments on direct and collateral review despite that those arguments ran afoul of Rule 2119(a).  Pet.'s Supp. Reply Br. at 1.  The respondents then cited multiple Pennsylvania cases, before 2004, where Rule 2119 was applied to preclude review of certain claims on direct and collateral review.  Resp'ts' Resp. at 7-8.

A state procedural rule is not automatically "inadequate" under the adequate state ground doctrine—and therefore unenforceable on federal habeas review—because the state rule is discretionary rather than mandatory.  Kindler, 130 S. Ct. at 618; see also Walker, 131 S. Ct. at 1125.  A "rule can be 'firmly established' and 'regularly followed' . . . even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others."  Walker, 131 S. Ct. at 1128 (citing Kindler, 130 S. Ct. at 618).  However, a state ground may be found inadequate when discretion has been exercised to impose novel and unforeseeable requirements without fair or substantial support in prior state law, or, in other words, "in a surprising or unfair manner."  Id. at 1130.  "A discretionary rule ought not be disregarded automatically upon a showing of seeming inconsistencies.  Discretion enables a court to home in on case-specific considerations and to avoid the

harsh results that sometimes attend consistent application of an unyielding rule." Id. (footnote omitted).

On direct appeal and collateral review, the Pennsylvania Superior Court dismissed Williams's Grounds A, B, E, and G pursuant to Rule 2119(a), even if that rule was not applied by name. That waiver rule is independent of the federal constitutional issues presented by Grounds A, B, E, and G and, at the time it was applied, was firmly established and regularly followed by Pennsylvania courts. The Court appropriately concluded that Williams's Grounds A, B, E, and G were procedurally defaulted.[5]

---

[5] Williams argues that the Court's procedural default decision on these claims was erroneous because he met the standard for showing cause and prejudice as an exception to procedural default. Williams states that he had previously argued that that his default was caused by ineffective assistance of counsel. Mot. ¶ 15 ("Petitioner relied on denial of Due Process for ineffectiveness assistance of counsel to overcome any procedural default."). Under Grounds A and B, Williams's direct appeal counsel allegedly failed to comply with the procedural rule, resulting in default. Under Grounds E and G, Williams was allegedly precluded from referencing any argument, citations, or discussions of authorities in the standard PCRA form used by prisoners. Pet.'s Reply Br. at 6.

Although ineffective assistance of counsel can constitute cause for procedural default, Williams does not make any argument as to how his counsel's actions fell below an "objective standard of reasonableness" as to amount to ineffective assistance. Strickland v. Washington, 466 U.S. 668, 688 (1984). Furthermore, at the time of his default on Grounds E and G, Williams was representing himself. Resp'ts' Resp. at 8 n.4; see also Resp'ts' Hab. Resp., Ex. C at 2-5 (2005 Superior Court PCRA Opinion).

2.   Grounds K, L, and M and Arguments Regarding
     Procedural Default

Williams argues that the Court incorrectly dismissed his newly discovered evidence claims in Grounds K, L, and M. Mot. ¶ 17. Williams contends that the Court misapplied the federal statute of limitations in 28 U.S.C. § 2244(d). Id. ¶ 23.

Williams's argument is factually incorrect. The Court did not apply the federal statute of limitations, but instead concluded that "[b]ecause the state courts refused to review these claims on the merits due to the PCRA statute of limitations, which is an independent and adequate state law ground, claims K, L, and M are procedurally defaulted." R&R at 14. The Court went on to conclude that Williams could not show cause and prejudice with allegedly newly discovered evidence, nor had Williams articulated an actual innocence claim within the meaning of the miscarriage of justice exception to procedural default. Id. at 17-22 & n.7.

Williams argues that the Court erroneously relied on his motion to stay his habeas petition for arguments to excuse his procedural default as to Grounds K, L, and M. Rather, the

---

Williams also states that "[t]o uphold a life sentence tainted by a Due Process violation qualifies as a miscarriage of justice." Mot. ¶ 16. Without more, the Court is not convinced that Williams's allegations as to Grounds A, B, E, and G meet the standard for showing a fundamental miscarriage of justice as an exception to procedural default.

Court should have considered his motions and briefs filed in the state courts from those claims. Mot. ¶ 18. Williams then stated that because he had shown that evidence was suppressed by the prosecution, he had adequately established cause and "he had satisfied his burden and it was error for this Court to rule otherwise." Id. ¶ 20.

The Court has already rejected Williams's arguments that the alleged Brady violation caused his procedural default: "Petitioner has not provided any supporting argument sufficient to sustain his assertions, let alone excuse his procedural default." R&R at 20. The additional conclusory arguments in the Rule 60(b) motion do not convince the Court that such a conclusion should be relitigated or is legally incorrect, especially when those arguments were already considered on appeal. See Order, Williams, No. 12-3608 ("[R]easonable jurists would not debate the District Court's procedural ruling regarding Appellant's claims of prosecutorial misconduct."); see also Seese, 679 F.2d at 337; Nichols v. Brown, No. 09-6825, 2013 WL 1703577, at *3 (S.D.N.Y. Apr. 19, 2013) (applying Seese to a Rule 60(b) motion after the district court refused to issue a certificate of appealability and the Court of Appeals dismissed the appeal). The Court appropriately concluded that Williams's Grounds K, L, and M were procedurally defaulted.

3.   Ground N and Arguments Regarding Actual Innocence
     Exception to AEDPA Statute of Limitations

Lastly, Williams argues that this Court misapplied the federal statute of limitations set forth in § 2244(d) as to his actual innocence claim.  Mot. ¶ 26.  Williams argues that the Court should consider his actual innocence claim on the merits in light of the recent Supreme Court decision in McQuiggin.  Id. ¶ 30; see also Pet.'s Reply Br. at 8-9.

In McQuiggin, the Supreme Court held that actual innocence, if proven, provides an exception to the one-year statute of limitations in AEDPA.  133 S. Ct. at 1928.  That exception applies only to a "severely confined category" of cases:  those where the petitioner produces new evidence sufficient to show that "it is more likely than not that no reasonable juror would have convicted [the petitioner]."  Id. at 1933 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

This Court, through adoption of the R&R, concluded that the petitioner had not demonstrated actual innocence with regard to Ground N for the same reasons that he had not demonstrated actual innocence with regard to his other habeas claims that were procedurally defaulted.  See R&R at 47 n.13; see also id. at 22 n.7 ("Petitioner asserts as his basis for new evidence that 'the jury rendered' an 'inconsistent verdict.' Petitioner's opinion as to the jury's verdict, however, does not

constitute newly discovered evidence that was absent from the Petitioner's original trial." (citations omitted)).  The Court made that determination by applying the <u>Schlup</u> standard, which is the same actual innocence standard to be applied under <u>McQuiggin</u> to overcome the federal habeas statute of limitations. <u>See</u> 133 S. Ct. at 1928.  Therefore, the Court did not err in its application of <u>Schlup</u> to Williams's actual innocence claim on those grounds, and that determination is the same as required under <u>McQuiggin</u>.  <u>See</u> <u>Young v. Lamas</u>, No. 12-3623, 2014 WL 296940, at *3 (E.D. Pa. Jan. 27, 2014).

In his reply brief to his Rule 60(b) motion, Williams asserts that the following new evidence should be considered as to whether he states a claim of actual innocence pursuant to <u>McQuiggin</u>:

> [T]he impeachment evidence was that officer Fox had been under investigation and ultimately charged with a crime, but not convicted.  This evidence would have effectively impeached the officer's credibility. Because the evidence would have shown that the officer did engage in criminal behavior, this impeachment evidence was overly strong as to undermine the jury's confidence in the office[r]'s testimony.  As well as the fact that the same officer lied about conducting a scientific test, that does not exist.

Pet.'s Reply Br. at 8.

Williams's evidence, as asserted in his reply brief, fails to meet the demanding actual innocence standard.  In <u>Hubbard v. Pinchak</u>, the Third Circuit established a two-part

24

test for assessing whether a petitioner's claim of actual innocence may act as a procedural gateway under Schlup.  378 F.3d 333, 340 (3d Cir. 2004); see also Pirela v. Vaughn, No. 01-4017, 2014 WL 1199345, at *11 (E.D. Pa. Mar. 24, 2014).  First, a court must determine "whether the [petitioner] has presented 'new reliable evidence . . . not presented at trial'" which supports his allegations of constitutional error.  Hubbard, 378 F.3d at 339-40 (quoting Schlup, 513 U.S. at 324).  The "new" evidence presented may be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial.  Schlup, 513 U.S. at 324.  "[W]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."  Hubbard, 378 F.3d at 338 (quoting Schlup, 513 U.S. at 316).  For purposes of satisfying this first step, evidence is not "new" if it was available at trial.  Id. at 340.  A petitioner's choice not to present available evidence at trial to the jury does not open the gateway.  Id.

Williams's second PCRA petition, filed March 28, 2007, made arguments regarding alleged newly discovered evidence. That petition contained the three claims that Williams now alleges constitute the new evidence supporting his claim of

actual innocence:  Grounds K, L, and M.  The PCRA court
dismissed this petition as untimely, and the Superior Court
found that the claims did not meet any exceptions to the PCRA's
timeliness requirement.  See R&R at 13-14; see also Resp'ts'
Hab. Resp., Ex. E (2009 Superior Court PCRA Opinion).

        The evidence supporting Grounds K and L is a May 13,
2004 letter from the Office of Chief Counsel for the
Pennsylvania State Police, stating that no known forensic
fingerprint examinations are referred to as "macro light
examinations."  Resp'ts' Hab. Resp., Ex. H (OCC Letter to
Williams); see also R&R at 18 & n.5.  Williams's arguments in
his habeas petition were that this letter constitutes new
evidence that shows Officer Fox lied during Williams's trial
when Officer Fox testified to using a "macro light examination"
on the gun found at the crime scene for fingerprints.  Williams
also contends that the prosecution used the perjured testimony
of Officer Fox and the "prosecution withheld this evidence" in
violation of Brady.  See R&R at 18.

        The evidence supporting Ground M, Williams's claim
that the prosecution withheld evidence concerning an
investigation into Officer Fox's testimony in an unrelated
matter, is less concrete.  Williams also alleged that Officer
Fox was under investigation for lying about facts of another
case and that there were pending perjury charges possible, and

that Officer Fox was indicted in late 1997 for lying to a
federal grand jury.  Hab. Pet. at 14, 16.  The respondents
asserted that Officer Fox did not testify before the grand jury
until August 1997, several months after Williams's trial, and
that his testimony concerned an event unrelated to this case.
The respondents state that a federal jury acquitted Officer Fox
in 1998.  Resp'ts' Hab. Resp. at 10 n.7.

        Based on the consideration of this evidence by the
state courts, the Court questions if the evidence cited in
Williams's reply brief is really "new," although the Court
recognizes that this evidence was not available for Williams's
trial.  Accordingly, the Court assumes that the evidence is new,
and proceeds on to the second inquiry of whether "it is more
likely than not that no reasonable juror would have convicted
him in the light of the new evidence."  McQuiggin, 133 S. Ct. at
1935 (quoting Schlup, 513 U.S. at 327).  The petitioner should
be allowed to pass through the gateway and argue the merits of
his underlying constitutional claims only if he "presents
evidence of innocence so strong that a court cannot have
confidence in the outcome of the trial unless the court is also
satisfied that the trial was free of nonharmless constitutional
error."  Pirela, 2014 WL 1199345, at *11 (quoting Schlup, 513
U.S. at 316).

The evidence presented by Williams only goes to the credibility of the Officer Fox and does not demonstrate to the Court that Williams establishes a convincing case for factual innocence. "[T]he [OCC] letter does not identify new evidence, but rather indicates that the OCC is not aware of what tests were relied upon in the investigation of Appellant's crime." 2009 Superior Court PCRA Opinion at 8. Even assuming that Officer Fox perjured himself, and the prosecution withheld documents regarding the forensic testing and the investigation of Officer Fox related to another case, Williams has not explained how this evidence can be used to establish his innocence.

At the very most, this evidence against Officer Fox impeaches his credibility, but has an insignificant effect on the outcome of the trial as a whole. "When assessing this type of new evidence, we should 'consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence.'" Goldblum v. Klem, 510 F.3d 204, 230 (3d Cir. 2007) (quoting Schlup, 513 U.S. at 332); see also McQuiggin, 133 S. Ct. at 1928, 1936 ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing."). Mere cumulative impeachment evidence, along with all of the evidence presented at trial, is not so strong that the Court does not

have confidence in the outcome of the trial such that no
reasonable juror could have found Williams guilty.  See
Goldblum, 510 F.3d at 231; see e.g., 2009 Superior Court PCRA
Opinion at 2 ("At trial, five eyewitnesses identified Appellant
as the person who shot and killed the victim.").

        Accordingly, the proffered evidence, even if new, was
inadequate to show that, had it been presented at trial, it is
more likely than not that no reasonable juror would have
convicted Williams.  This case therefore does not fall into the
"severely confined category" of cases in which McQuiggin
provides an exception to the AEDPA statute of limitations, even
if McQuiggin were applicable to this case, although it is not.


III. Conclusion

        For the foregoing reasons, the Court denies the
petitioner's 60(b) motion.  An appropriate order shall issue.